338 So.2d 152 (1976)
Ruby COLE, Plaintiff-Appellee,
v.
Billy John COLE, Defendant-Appellant.
No. 13002.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1976.
Eugene J. Coen, Shreveport, for defendant-appellant.
Whitmeyer & Rubenstein by Alex Rubenstein, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
This is an appeal from the trial court's refusal to reduce the amount of child support being paid by the father. We affirm the trial court's judgment.
The party requesting a change in an alimony or child support award bears the burden of proving a change in the financial condition of one of the parties. This rule applies to a party seeking a modification of a "consent" judgment. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
The trial court found that neither parent's income had changed appreciably and that the expenses of supporting the children had increased. We find no error in this factual determination. The change cited by the father was a temporary job held by the oldest child at a McDonald's restaurant. The trial court correctly decided that temporary employment of a minor child which has ended at the time of trial has no bearing on whether a child support award should be modified. The father has shown no circumstances which have changed materially since the original award was made. Consequently, no modification is warranted.
The judgment is affirmed at appellant's costs.
Affirmed.