479 So.2d 681 (1985)
Timothy D. STINE, Plaintiff-Appellee,
v.
Rebecca Anne STINE, born LeBleu, Defendant-Appellant.
No. 84-928.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
Nathan A. Cormie, Lake Charles, for defendant-appellant.
Skipper M. Drost, Sulphur, for plaintiff-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
DOUCET, Judge.
Timothy Stine brought suit for a judicial separation from his wife, Rebecca Stine, on January 24, 1984. He sought joint custody of the two minor children of the marriage, Jacob, age 7, and Amy, age 3. The trial court rendered a judgment of separation in favor of Timothy Stine, awarded joint custody of the two children, and required the parents to present plans of implementation of the joint custody order to the court by March 23, 1984. The judgment further provided for the payment of child support in the amount of $600.00 per month by Timothy Stine to Rebecca Stine, and required that Timothy Stine provide medical coverage for the children on his insurance policy.
On motion of Rebecca Stine, the court granted a motion for a new trial limited to the issue of child custody.
After a new trial on the custody issue, the court awarded joint custody and laid out a detailed plan of implementation. Rebecca Stine was awarded physical custody of the children during the school year, with visitation privileges granted to Timothy Stine on every other week-end, and on enumerated holidays. Timothy Stine was granted physical custody during the summer months provided that a responsible *682 adult is present at all times during his periods of custody, with visitation on every other weekend and on enumerated holidays to Rebecca Stine. The judgment further reduced Timothy Stine's child support obligation by eliminating the necessity of paying child support while he has physical custody of the children. Rebecca Stine appeals this judgment.
On appeal, Mrs. Stine argues that she should have been granted sole custody or, in the alternative, sole physical custody of the children, as a result of the physical disabilities of the father, Timothy Stine, and of the child, Amy. Timothy Stine is a quadriplegic, paralyzed from below the armpits and confined to a wheelchair. Amy was born with a defective kidney. Her right kidney was surgically removed. She underwent further surgery to install an ostomy to the outside of her abdomen, through which urine is discharged into a bag. This bag is changed approximately every four to five days, sometimes more frequently. Testimony revealed that the child is very shy and sensitive with regard to who changes this bag.
However, Mrs. Stine's testimony at trial revealed that her objections to joint custody were not based so much on the physical disabilities of the father and child, as on her belief that a mother is better able to care for her children, and should have priority treatment with regard to child custody.
While we sympathize with Mrs. Stine's feelings, the "maternal preference" no longer exists in our law. Our law now reflects the contemporary view that both parents should have an equal voice in raising the children of the marriage, and should participate, as much as possible, on an equal basis in decisions regarding health, education, and in the social and religious development of the children. The joint custody statute evidences the legislature's adoption of this view. Lake v. Robertson, 452 So.2d 376 (La.App. 3rd Cir. 1984). While the primary consideration in custody decisions is the best interest of the child, joint custody is presumed to be in the best interest of the child. The burden of overcoming that presumption is on the party seeking sole custody. Turner v. Turner, 455 So.2d 1374 (La.1984).
La.C.C.146(C)(2) states that:
The presumption in favor of joint custody may be rebutted by a showing that it is not in the best interest of the child, after consideration of evidence introduced with respect to all of the following factors:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties.
(l) Any other factor considered by the court to be relevant to a particular child custody dispute.
*683 After considering all these factors in light of the testimony and the record, we believe that the best interests of these children are well served by the custody plan enacted by the trial judge.
The testimony shows Mr. Stine to be a loving father deeply concerned about the welfare of his children. He obviously wants to be actively involved in their upbringing. Both his physical condition and that of his daughter, Amy, are adverse considerations. We believe that these problems are adequately offset by other factors. The adverse effects are outweighed by the importance of a father's participation in the lives of his children. Both Amy and Mr. Stine cope well with their problems. Mr. Stine has employed the services of a live-in registered nurse. When she is not present, one of Mr. Stine's five brothers stays with him. In addition, the custody order makes it mandatory that a responsible adult be present to assist Mr. Stine during his custody and visitation periods. We emphasize the paramount importance of compliance with this provision to our approval of the custody plan.
It was also shown at trial that Amy's maternal grandmother lives very close to Mr. Stine's home, is both willing to change Amy's ostomy bag, and is acceptable to the child as a substitute for her mother in this capacity. The custody order mandates that Mr. Stine make every effort to bring Amy to her grandmother for this service. Since a registered nurse will also be available to oversee the child, we foresee no adverse consequences. In light of the provisions made for proper care of the children, we believe that, under the circumstances, it would be an injustice to deprive Mr. Stine of significant contact with his children solely on the basis of physical disabilities. Mrs. Stine further asks that Mr. Stine be required to have another adult with him when he comes to pick up the children for visitation or custody periods. The trial court judgment states that he should make every effort to have another responsible adult with him when transporting the children to and from the mother's home. Mr. Stine's testimony revealed that his van was well maintained and equipped with a CB radio. He testified that he informs responsible people of his departure and estimated arrival times. It is apparent from the testimony that Mr. Stine is an intelligent man, fully aware of his physical deficiencies. He was clearly concerned with the welfare of his children. We believe that the strong suggestion of the trial court is sufficient, under the circumstances before us here, to prevent unnecessary risks to the children.

CHILD SUPPORT
Finally, Mrs. Stine alleged that it was error on the part of the trial judge to discontinue child support payments by Mr. Stine during the time the children were in his custody. The trial court is vested with a great deal of discretion in fixing child support awards. Its judgment will not be disturbed absent an abuse of its discretion. Chaudoir v. Chaudoir, 454 So.2d 895 (La. App. 3rd Cir.1984). The trial court was within its discretion in finding that child support payments should be discontinued during the father's custody period. It is obvious that the mother's expenses will be reduced during the times that she does not have the children with her.
For the above and foregoing reasons, we affirm the judgment of the trial court. The costs of this appeal are assessed against the appellant.
AFFIRMED.