541 So.2d 1006 (1989)
Elizabeth Claire Lester McCOY, Plaintiff-Appellant,
v.
Robert David McCOY, Defendant-Appellee.
No. 88-95.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
*1007 Greco & Greco, Leu Anne Greco, Baton Rouge, for plaintiff-appellant.
McCoy & Hawthorne, Kenneth D. McCoy, Jr., Natchitoches, for defendant-appellee.
Before GUIDRY, STOKER and KING, JJ.
GUIDRY, Judge.
R. David McCoy and E. Claire Lester McCoy, now Claire Bausch, were divorced on October 22, 1985, in Natchitoches Parish, Louisiana. The divorce decree granted sole custody of the two minor children, Katherine and David, to Claire subject to reasonable visitation with their father, David Sr. David Sr. was ordered to pay child support in the amount of $365.00 per month. He failed to pay the $365.00 per month child support during the summer months of 1985 and paid only one-half of the child support which was owed on June 1, 1986. He gave as his reason for non-payment, the fact that the children were residing with him during summer visitation.
On April 29, 1987, David Sr. filed a rule to fix specific visitation rights and to abate child support payments during summer visitation. In response, Claire filed a rule to make executory all past due amounts of child support and for attorney's fees.
After a trial on the rules, the trial court: (1) granted specific visitation periods to David including visitation from 3:30 p.m. on the third Friday of each month through 2:00 p.m. on the following Sunday, exclusive of certain holidays, and two four-week summer visitation periods; (2) ordered that the parties share equally the obligation and cost of transporting the children for visitation, with the parties alternately picking up and returning the children; (3) ordered the abatement of child support during the two-month summer visitation; (4) ordered the arrearages in child support, in the sum of $1,186.25, made executory; (5) denied Claire's demand for attorney's fees; and, (6) ordered that the court costs be equally divided between the parties.
Claire appealed devolutively urging trial court error in the following particulars:
1. The trial court erred when it ordered the parties to share equally the obligation and expense of transportation for the children's weekend visitation.
2. The trial court erred when it ordered abatement of child support during summer visitation with the non-custodial parent.
3. The trial court erred when it failed to award appellant attorney's fees and costs.

TRANSPORTATION OF CHILDREN
Appellant urges that it was unreasonable for the trial court to place any burden upon her (the custodial parent) to share equally the obligation and expense of providing transportation for the children's visitation with their father. She contends that the trial court transformed her passive duty as a custodial parent relative to visitation privileges, i.e., to not interfere with the visitation rights of the non-custodial parent, into an active duty. We find no merit in appellant's contention.
*1008 La.C.C. art. 227 provides that mothers and fathers have a mutual obligation of supporting, maintaining and educating their children. We conclude that this requirement for mutual support and maintenance logically includes a sharing of the obligation and expense involved in transporting the children for periods of visitation with their father, if the trial court in the exercise of its much discretion deems such sharing necessary and in the interest of the children.
"... The paramount consideration in determining visitation privileges for the noncustodial parent is the welfare of the child. Lasseigne v. Lasseigne, 434 So.2d 1240 (La.App. 1st Cir.1983). The trial court has great discretion in this area and its determination will not be disturbed in the absence of manifest error. Edelen v. Edelen, 457 So.2d 171 (La.App. 2d Cir.1984)."
Finch v. Finch, 479 So.2d 473 (La.App. 1st Cir.1985), at page 476.

ABATEMENT OF CHILD SUPPORT
Appellant next contends that the trial court erred when it ordered an abatement of child support during summer visitation with the non-custodial parent.
This issue is likewise determined on appeal by a review of the record for an abuse of the trial court's much discretion. There are several appellate decisions which hold that the trial court committed no abuse of discretion in rejecting a parent's demand for reduction or abatement of child support during extended periods of visitation with a parent. See Owens v. Owens, 489 So.2d 321 (La.App. 4th Cir.1986); Serrate v. Serrate, 472 So.2d 137 (La.App. 5th Cir.1985); and, Ritter v. Ritter, 491 So.2d 149 (La. App. 3rd Cir.1986). On the other hand, there are appellate decisions finding no abuse of discretion where the abatement of child support is granted. See Stine v. Stine, 479 So.2d 681 (La.App. 3rd Cir.1985), and Chaudoir v. Chaudoir, 454 So.2d 895 (La.App. 3rd Cir.1984). The issue of abatement of child support during extended periods of visitation is a matter within the trial court's discretion and is determined on a case by case basis. We have carefully scrutinized the record in this case and we cannot say that the trial court clearly abused its discretion in abating child support during the children's summer visitation with their father.

ATTORNEY'S FEES AND COSTS
Finally, appellant urges that the trial court erred in not awarding her attorney's fees and costs in connection with its judgment awarding child support arrearages in the sum of $1,186.25. We agree.
Under La.R.S. 9:305, when the court renders judgment making arrearages in child support executory, an award for attorney's fees and costs in favor of the prevailing party is mandated absent a showing of good cause. The burden of proving "good cause" is upon the party who has defaulted on the support obligation.
In the instant case, there was no showing of good cause. David Sr. simply unilaterally determined to discontinue his child support payments while the children were with him during the summer visitations of 1985 and 1986. Under these circumstances, an award of attorney's fees and costs to appellant is mandated and the trial court clearly erred when it refused her demand therefor.
Accordingly, for the foregoing reasons, we amend the trial court judgment to award judgment in favor of appellant, Elizabeth Claire Bausch, and against defendant, R. David McCoy, for the sum of $500.00 as attorney's fees, $300.00 for services in the trial court and $200.00 for services on appeal. In all other respects, the judgment appealed from is affirmed. Costs of this appeal are to be paid one-half (½) by appellant and one-half (½) by appellee.
AFFIRMED AS AMENDED.
KING, J., concurs for the written reasons assigned.
KING, Judge, concurring.
I agree with the majority in their resolution of the issues of abatement of child *1009 support and attorney's fees and court costs.
I concur with the result reached by the majority, only under the particular facts of this case, in ordering appellant to share equally with appellee the responsibility and expenses of transporting the children for exercise of appellee's weekend visitation privileges.
A court, in its discretion, may order that travel expenses incurred by a parent of a child for visitation purposes be borne either by the custodial or the non-custodial parent, or that they be shared by both parents. When either a custodial or a non-custodial parent relocates to a more distant place there will always be an accompanying increase in inconvenience and in visitation costs. The inherent issue presented by such a situation is the equitable assessment and allocation of the responsibility for transportation and for the payment of the increased cost of such visitation. The issue presented on appeal from such an order is whether or not the trial court abused its discretion in assessing and allocating the responsibility for transportation and the payment of the cost of transportation between both parents during a non-custodial parent's exercise of visitation privileges. See Savoie v. Curtis, 354 So.2d 705 (La. App. 4 Cir.1978).
In this case the plaintiff-appellant, the custodial parent, and her new husband are voluntarily moving from the State of Louisiana to the State of Texas for the economic betterment of the appellant's present family. The trial court, by ordering the parties to alternate in picking up and returning the children when appellee exercises his visitation rights, in effect has equally divided the responsibility for transportation and for the payment of the costs of transporting the children when appellee exercises his visitation rights.
I concur in this result on the basis of the present income of the plaintiff-appellant and her new husband and to emphasize that should appellant have a change in the economic condition of either her or her family, or had her economic condition been different at the time of trial, I do not believe that the responsibility and expense of transportation of the children for such visitation should be equally divided. Rather, I believe that the particular facts and circumstances of each case should be examined to determine the allocation of responsibility and expenses between the custodial and non-custodial parent for exercise of visitation privileges by the non-custodial parent.
For these reasons I respectfully concur in the opinion of the majority.