550 So.2d 901 (1989)
Holly Ann Coody BORDEN, Plaintiff-Appellee,
v.
Larry Neal BORDEN, Defendant-Appellant.
No. 20832-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
*902 Leo A. Miller, Jr., Lake Providence, for defendant-appellant.
Cooper, Hales & Posey by Thomas E. Cooper, Jr. and Penny Wise-Douciere, Rayville, for plaintiff-appellee.
Before MARVIN, FRED W. JONES Jr., and LINDSAY, JJ.
MARVIN, Judge.
In this appeal by the father, arising out of his post-divorce action to terminate child support for his 17-year-old son on allegations that the son had physically and verbally abused him and had refused to work or attend school, the sole issue is whether the trial court correctly sustained the mother's objection that evidence of the son's conduct was irrelevant to the father's support obligation.
We affirm.

FACTS
When the parents divorced in February 1988, they apparently agreed to share custody of the son and a younger daughter, with the father paying monthly support of $250 per child during the nine-month school year when the children lived with the mother. Several months later, the father sought sole custody of both children and the mother sought sole custody of the son.
In December 1988, the parents modified their joint custody plan and agreed that the daughter would live with the father for the school year and the son would live with the mother for the entire year. The parents could not agree on how much support the father should pay for the son under the modified custody plan.
The son's mistreatment of his father and his refusal to work or attend school were the only changes in circumstances the father asserted. After sustaining the mother's objection to evidence of the son's conduct, the court ordered the father to continue paying $250 monthly support for the son. The father appealed.

SUPPORT DUTY
The father construes his duty to support his son as reciprocal to the son's duty to respect and obey him, and not as an absolute duty that exists even if the son mistreats him. The father also contends the court should assess the son's continuing need for support by considering evidence that the son is employable and chooses not to work.
The law imposes a duty to support in several relationships. Enforcement or recognition of the duty, however, is based on distinct considerations in each relationship. A support claimant's "fault," for example, is considered under the permanent alimony obligation of CC Art. 160, but is not considered under the temporary alimony obligation of CC Art. 148.
Under CC Arts. 227 and 231, fathers and mothers are obligated to support, maintain and educate their children in proportion to the needs of the children and the circumstances of the parents. This obligation exists during the child's minority and is unilateral, unaffected by a parent's custodial status. Tolley v. Karcher, 196 La. 685, 200 So. 4 (1941); Macaluso v. Macaluso, 509 So.2d 201 (La.App. 1st Cir. 1987).
*903 Between descendants over age 18 and their ascendants, a distinct, separate and reciprocal support duty exists under CC Art. 229 if the claimant shows that "life's basic necessities" cannot be obtained by other means. Tobin v. Tobin, 323 So.2d 896 (La.App.2d Cir.1975), writs denied.

CHILD'S ABILITY TO WORK
Evidence of an adult child's ability to work is relevant to determine "need" under Art. 229. Dubroc v. Dubroc, 284 So.2d 869 (La.App. 4th Cir.1973); Demarie v. Demarie, 295 So.2d 229 (La.App.3d Cir. 1974).
A minor child's potential employability does not relieve the parent of the unilateral support obligation under Art. 227, but the minor's actual earnings or other income, such as social security benefits, may be considered in setting the amount of support. See Chaisson v. Domingue, 175 So.2d 902 (La.App.3d Cir.1965) and Litton v. Litton, 299 So.2d 458 (La.App.2d Cir. 1974). Compare Burks v. Burks, 293 So.2d 923 (La.App.2d Cir.1974). See also Cole v. Cole, 338 So.2d 152 (La.App.2d Cir.1976).
In Cole, a minor's temporary employment had ended when the father's action to reduce child support was heard. This circumstance was held to have "no bearing on whether [the] award should be modified."
The clear implication of the cited cases is that a child has no legal duty to be self-supporting until age 18. Evidence that the son refused to work during his minority does not affect the father's unilateral support obligation.

THE SON'S MISCONDUCT
We find no authority in the law to terminate support under Art. 227 because of a child's mistreatment of his parent.
The father and mother remain obligated [to support their minor child], even when deprived of their paternal power. The forfeiture which they incur deprives them of their rights (the right to direct the upbringing of the child and to administer its property, of which they collect the income). But it does not free them of their obligations.
Planiol, Treatise on the Civil Law, Vol. 1, No. 1685, p. 41 (12th ed., La.State Law Inst. trans. 1959)
Even under the reciprocal support duty of Art. 229, conduct of an adult child that might constitute grounds for disinherison under CC Art. 1621 has been held not to excuse the parent's obligation to support her needy adult child. See Tolley v. Karcher, supra. There a mother was ordered to pay support under Art. 229 to her middle-aged daughter, notwithstanding the mother's showing that the daughter, while a minor, married without her mother's consent.
The Art. 229 reciprocal support duty simply means that descendants over age 18 may owe support to needy ascendants and may, if in need themselves, claim support from those ascendants. These reciprocal obligations are based solely on need.
In Macaluso, supra, the court held that a judgment suspending the father's obligation to support his 14-year-old daughter until she resumed her court-ordered visitation with him was against public policy. Emphasizing that the father's obligation to support his minor child is unilateral, the court said:
The public policy behind a parent's duty of support is to ensure, both for the sake of the child and the sake of the general public which might otherwise have to provide his support, that each child receives support sufficient for his maintenance and upbringing. Further, the duty of support owed by a parent to a minor child is unilateral in nature and arises by the mere fact of paternity. It is well-established that a parent is not justified in failing to pay support, even when there has been a denial of visitation privileges.
509 So.2d at p. 202. Citations and footnote omitted.
The father's equitable argument that his support obligation is or should be reciprocal to the son's duty to respect and obey him cannot override the express law implementing the strong public policy requiring parents to support their minor children.
*904 Evidence of the son's conduct, although irrelevant to the support obligation, was obviously found relevant in the father's later successful action to enjoin the son from harassing, cursing, intimidating or threatening the father and his family. What is relevant in one action may not be relevant in another.

CONCLUSION
The father did not allege or show any changes in his or the mother's financial circumstances or in the son's expenses since the $250 per month support for the son was awarded. The trial court correctly sustained the mother's relevancy objection to evidence of the son's conduct and employability. This ruling left the father no factual basis to change or terminate the support payments for the son. See Cole v. Cole, supra, and Boudreaux v. Harrington, 496 So.2d 1278 (La.App.3d Cir.1986).

DECREE
At the father's cost, the judgment is AFFIRMED.