597 So.2d 1212 (1992)
Patricia ABBOTT, Plaintiff-Appellant,
v.
Gary S. DUNLAP, Defendant-Appellee.
No. 90-1099.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
Preis and Kraft, F. Douglas Gatz, Jr., Lafayette, for plaintiff-appellant.
Gary Dunlap, in pro. per.
Gerald J. Block, Woodruff & Prather, J.N. Prather, Jr., Lafayette, for defendant-appellee.
*1213 Before DOMENGEAUX, C.J., and LABORDE, J., and PATIN[*], J. Pro Tem.
JOHN A. PATIN, Judge Pro Tem.
Patricia Abbott and Gary S. Dunlap were divorced on April 6, 1982. Included in the judgment of divorce was a provision that Dunlap would pay $1,400 per month as child support for their minor daughter Trisha Dunlap. A partition agreement executed on September 3, 1982 again recited an agreement by Dunlap to pay $1,400 per month as child support, as additional consideration for the execution of the agreement. Dunlap was authorized to list their child as a dependent on his federal and state tax returns.
A rule to reduce his child support obligation was filed by Dunlap on April 2, 1987. He alleged changes in his own circumstances and those of Abbott, listing his reduced income, due to the oil industry depression and Abbott's income from employment. He asked for a reduction to $400 per month. After a hearing the trial court reduced the obligation to $900 per month. Abbott appealed to this court.
On appeal, finding that Dunlap had failed to prove a sufficient change in circumstances, we reversed the trial court's reduction and re-instated the order that he pay $1,400 per month as child support. Abbott v. Dunlap, 541 So.2d 995 (La.App. 3d Cir. 1989).
Abbott filed a rule to enforce past due child support on January 17, 1990. A judgment in her favor, for past due child support, was granted on March 6, 1990, and made executory.
Another rule to reduce his child support obligation was filed by Dunlap on February 22, 1990. He alleged that since June 29, 1987 there had been substantial changes in his and Abbott's circumstances and consequently the award should be reduced to $300 per month. At the hearing on this rule extensive testamentary and documentary evidence was offered by both parties. The trial court reduced the obligation to $575 per month under authority of La.R.S. 9:315 et seq., the Guidelines for Determination of Child Support. It is from this reduction that Abbott takes this appeal.
La.R.S. 9:311 provides as follows:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award ...
While the findings of the court below indicate that it compared the parties' incomes in 1982 with their respective incomes in 1990, there is also a showing that the trial court examined the events and circumstances in 1987. He noted the addition to Dunlap's new family of a child and the benefits he received because of his new marriage. The record contains extensive testimony and other evidence concerning the respective situations of the parties in 1987 and 1990.
Applying the guidelines, the trial court found Dunlap's income to be $4,284.04 per month, Abbott's income to be $1,938.20 per month, and thus their combined income to be $6,222.24. The trial court then correctly noted that under the guidelines, the corresponding child support amount was $814. Dunlap's share of this amount was determined to be 69% or $561.66, which the court rounded off to $575. Accordingly, the trial court reduced Dunlap's child support obligation to $575 per month, and $375 per month during the summer months which Trisha Dunlap spends with her father.
La.R.S. 9:315.1 provides that the guidelines "are to be used in any proceeding to... modify child support filed on or after October 1, 1989." Therefore, the trial court's use of the guidelines was proper because it was addressing Dunlap's rule to reduce his child support obligation filed February 22, 1990. It further dictates that "There shall be a rebuttable presumption *1214 that the amount of child support obtained by use of the guidelines set forth in this part is the proper amount of child support." This rule of deference to the guidelines is in accord with prior jurisprudence concerning the standard of review which an appellate court should exercise over a trial court's determinations regarding child support. The Louisiana Supreme Court has phrased this standard as one of leaving the trial court "considerable discretion." Ducote v. Ducote, 339 So.2d 835 (La.1976). We have previously defined this standard as leaving the trial court "much discretion." Dickinson v. Dickinson, 461 So.2d 1184 (La.App. 3d Cir.1984), writ denied, 465 So.2d 736 (La.1985).
After reviewing the record in its entirety, and reviewing the trial court's application of the guidelines to the calculations above, we find neither a clear abuse of discretion nor that the presumption of correctness has been rebutted.
The record adequately establishes the weaker financial condition of Dunlap in 1990, compared to his status in both 1982 and 1987. There is extensive documentation of this in the record. Both parties introduced considerable testimony and other evidence on this subject. Dunlap's new family was also graced with the birth of a new child in 1987, and under the guidelines this is explicitly listed as a permissible consideration for the trial court. La.R.S. 9:315.1(C)(2). Furthermore, Abbott's income was only $7,400 in 1987. Even using $7,400 instead of the $0 used for 1982, the more than tripling of this figure between 1987 and 1990 still represents a substantial improvement in Abbott's circumstances.
In addition, after reviewing the record in its entirety, we find no manifest error in the trial court's finding that Dunlap is not voluntarily underemployed. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Abbott makes much of the trial court's refusal to allow evidence of Dunlap's present wife's income to be offered, citing Marcus v. Burnett, 282 So.2d 122 (La.1973). While it is true that Marcus stated that "the income of a second wife is to be considered in determining the husband's obligation to support children of his first marriage," we note that the guidelines are not silent on this matter.
At the time of the filing of the 1990 rule, La.R.S. 9:315(6)(c) in defining "income" under the guidelines stated:
The court may also consider as income the benefits a party derives from remarriage, expense-sharing, or other source.
The use of the word "may" in the above statute means that it was permissible for the trial court to consider as income the benefits that Dunlap derives from remarriage, but not mandatory. La.R.S. 1:3. The trial court, in its minute entry, states, "Although the court does not consider the income of the wife [Dunlap's present wife] in establishing an amount to be paid as support, the court does consider the benefits received by Dunlap because of the new marriage." We find no abuse of discretion in the trial court's decision on this matter.
Abbott also assigns as error, the trial court's refusal to depart from the guidelines because Dunlap benefits from an income tax deduction for Trisha Dunlap, citing La.R.S. 9:315.13. This statute provides:
The amounts set forth in the schedule in R.S. 9:315.14 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions ...
It does not mandate that the trial judge depart from the amounts set forth in 9:315.14 whenever the custodial or domiciliary party does not have the right to claim federal and state tax dependency deductions. The statute merely provides another consideration for the trial court to consider in determining the child support obligation. There is ample evidence in the record to support the trial court's determination that deviation from the guidelines on the basis of this argument would not be in the best interest of the child and would be inequitable to the parties. La.R.S. 9:315.1(B).
Dunlap urges us to further reduce the trial court's award on two grounds.
*1215 First, Dunlap claims that the trial court should not have allocated any "benefit" to him due to his remarriage, because he and his new spouse are separate in property. The trial court did not allow evidence of Dunlap's new spouse's income, stating that it was not considering the income of Dunlap's new spouse in determining the amount of Dunlap's child support obligation, but would consider the benefits to Dunlap because of the new marriage. The court determined these benefits to be one-half of various household expenses. This action was pursuant to La.R.S. 9:315(6)(c), as it read at the time of the filing of the 1990 rule. That statute permits the trial court to consider, as income, the benefits to Dunlap because of his new marriage.
The Louisiana Supreme Court, in Rosell, supra at 844, stated that:
When findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.
The trial court's decision reflects its judgment regarding the credibility of Dunlap, and its judgment as to whether Dunlap and his new spouse lived as separate in property as their matrimonial agreement stated they did.
Dunlap's second argument to further reduce the trial court's reduction of his child support obligation is that his obligation should be reduced in proportion to the time Trisha Dunlap spends with him throughout the year. Dunlap cites our decision in McCoy v. McCoy, 541 So.2d 1006 (La.App. 3d Cir.1989) in support of his argument.
La.R.S. 9:315.8(E), at the time of the filing of the 1990 rule, provided:
In cases of joint custody, the court may consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time. The court may include in such consideration the continuing expenses of the domiciliary party.
McCoy, supra, dealt with an abatement of child support during summer visitation with the non-custodial parent. We held that the trial court, in that decision, did not clearly abuse its discretion in abating the non-custodial parent's child support obligation during the summer months which the children spent with the non-custodial parent. In reaching that conclusion we noted:
The issue of abatement of child support during extended periods of visitation is a matter within the trial court's discretion and is determined on a case by case basis.
Returning to the case sub judice we note that the trial court stated that "During the summer period the support payments of the husband will be reduced by $200.00 per month." Both La.R.S. 9:315.8(E) and McCoy place the decision of whether to reduce the non-custodial parent's child support obligation for those periods, in the trial court's discretion.
In discussing his second assignment of error, Dunlap urges us to further reduce the trial court's award of his child support obligation because "extraordinary liabilities and consequences resulting therefrom which were not voluntary acts" are additional considerations for reducing child support to an amount which would be "reasonable."
La.R.S. 9:315.1(B) provides:
The court may deviate from the guidelines... if their application would not be in the best interest of the child or would be inequitable to the parties ...
Apparently, the trial court felt that further reducing Dunlap's child support obligation on the basis of his "extraordinary liabilities" would neither be "in the best interest of the child" nor be "equitable to the parties." Additionally, we note that La.R.S. 9:311(B) explicitly states:
A judgment for past due support shall not of itself constitute a change in circumstances of the obligor sufficient to reduce an existing award of support.
*1216 We see no reason to upset the trial court's judgment in this matter. We find neither manifest error, nor abuse of discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are to be divided equally between the parties.
AFFIRMED.
NOTES
[*] Judge John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court, Judge Pro Tempore.