629 So.2d 538 (1993)
Mary Jane Gaspard MONTET, Plaintiff-Appellant,
v.
Ranzy Paul MONTET, Defendant-Appellee.
No. 93-13.
Court of Appeal of Louisiana, Third Circuit.
December 15, 1993.
*539 Kay Hilgerson Michiels, Alexandria, for Mary Jane Gaspard Montet.
Michael Hathorn Davis, Alexandria, for Ranzy Paul Montet.
Before DOMENGEAUX, C.J., and LABORDE, THIBODEAUX, SAUNDERS and WOODARD, JJ.
DOMENGEAUX, Chief Judge.
Mary Jane Gaspard Montet and Ranzy Paul Montet were married in 1984 and divorced in 1992. Joint custody of the couple's two minor children was ordered. Specifically, the children, ages three and six at the time of trial and both hearing impaired, are to spend alternating weeks with each parent, but Mr. Montet was named principal domiciliary parent. No child support was ordered.
Mrs. Montet has appealed, raising two issues for our review. First, she contends the trial judge erred in naming Mr. Montet as the principal domiciliary parent. Second, she contends the trial judge erred in failing to award child support in her favor.
We note at the outset that the seemingly impractical visitation schedule devised by the trial judge is not at issue before us. Neither the mother nor the father has questioned the propriety of the schedule. In fact, prior to trial, the parents, by an informal agreement between themselves, shuttled the children back and forth between their homes in the town of Broussard, where both parties moved subsequent to their separation. Furthermore, the children's special education teachers testified that both children are very well adjusted and excel in school, while both parents are involved and cooperative in the children's scholastic endeavors. In effect, the trial judge formalized the parents' arrangement, which the evidence seemed to show was working to the benefit of the children. He stated in his reasons that "given the hearing impairment of the children, the Court feels that both parents should continue to have very liberal visitation so as to facilitate continued communication between the parents and the children."
We turn now to the first issue raised by Mrs. Montet in this appeal which concerns the propriety of the trial judge's decision to name Mr. Montet as the principal domiciliary parent.[1] In child custody cases, the decision of the trial court is to be given great weight *540 and can be overturned only when there is a clear abuse of discretion. Guillory v. Guillory, 602 So.2d 769 (La.App. 3d Cir.1992), citing Thompson v. Thompson, 532 So.2d 101 (La.1988). The record here provides ample support for the trial court's decision to award joint custody and reveals no abuse of discretion. It is clear that both Mr. and Mrs. Montet are loving, concerned, and able parents. On the question of naming Mr. Montet as the principal domiciliary parent, we point out that, in this case, the classification gives Mr. Montet no greater rights as a parent than Mrs. Montet has, other than a tax deduction and first choice of the summer visitation schedule. We suggest that perhaps the trial judge considered Mr. Montet's greater job flexibility and family resources as potential benefits to the children as their needs arise. In any event, we find no error in the trial judge's decision to name Mr. Montet as the principal domiciliary parent.
The question of child support is more problematic. The record shows that Mrs. Montet received $600.00 per month in child support prior to the final judgment of divorce and custody which is at issue herein. Mrs. Montet's demand for continued and increased child support was specifically rejected.
Mrs. Montet argues that she is entitled to child support because, as joint custodian providing one-half of the children's day-to-day maintenance, she must continuously maintain a household large enough for two children and equipped sufficiently. The record reveals that Mrs. Montet's monthly income is $1,274.00, while Mr. Montet's monthly income is $4,012.00. In response, Mr. Montet cites La.R.S. 9:315.8D and argues that a domiciliary parent cannot be ordered to pay child support to a nondomiciliary parent.
In this case, Mr. and Mrs. Montet are joint custodians of their two children. Under the trial court's order, the children are to spend exactly equal amounts of time with each parent. In child custody cases, the words "domiciliary parent" are generally used to describe the parent in whose home the child spends most of his time. However, in this case, the children's time is divided equally between the parents. Therefore, the classification of Mr. Montet as the principal domiciliary parent does not mean that Mrs. Montet is necessarily the nondomiciliary parent, for purposes of child support.
This scenario raises the question of what the trial judge intended when he classified Mr. Montet as the principal domiciliary parent. We look first to the reasons for judgment. There, Mr. Montet was given first choice of two extra weeks of visitation in the summer. Mr. Montet was also granted the federal income tax deduction for both children. The trial judge articulated no other rights or obligations which Mr. Montet now has as the principal domiciliary parent.
Second, in reviewing the record, we note that Mr. Montet has provided insurance for the children through his position with the National Guard. Presumably, Mr. Montet will retain this insurance even though he was not ordered to do so by the trial court. Third, generally speaking, as a domiciliary parent, Mr. Montet must provide for the day-to-day maintenance of his children while they are with him.
Other than these basic and minimal obligations, we can discern no intent on the part of the trial judge to otherwise provide for the financial needs of the children. In other words, we cannot determine if the trial judge intended Mr. Montet to pay the children's school and entertainment expenses, clothing bills, uninsured medical treatment, etc. Accordingly, we must turn to the jurisprudence for guidance on how the children's needs must be met given the disparity in their parents' income.
The Second Circuit, in Borden v. Borden, 550 So.2d 901 (La.App. 2d Cir.1989), has held that fathers and mothers are obligated to support, maintain, and educate their children in proportion to the needs of the children and the circumstances of the parents, and this obligation is unaffected by a parent's custodial status. 550 So.2d at 902. The Second Circuit has also held that if parents contribute equally to the day-to-day care of their children, their financial support obligations must be borne in proportion to their ability to pay. Hall v. Hall, 535 So.2d 790 (La.App. 2d Cir.1988); Osborne v. Osborne, 512 So.2d 645 (La.App. 2d Cir.1987).
*541 A parent's child support obligation is a practical consideration. For instance, in reviewing a joint custody case where the father was designated as the "primary custodial parent," the Second Circuit remanded for a determination of a more meaningful joint custody plan and consideration of:
the mother's need for child support during those months in the summer when she has the children with her because she has neither the ability nor the means to support the children.
Foy v. Foy, 505 So.2d 850, 853 (La.App. 2d Cir.1987). See also, Aldrich v. Aldrich, 505 So.2d 116 (La.App. 4th Cir.1987). Similarly, in many cases, the nondomiciliary parent must continue to pay child support during those months when he or she becomes, temporarily, the domiciliary parent. See Sillis v. Hernandez, 608 So.2d 289 (La.App. 3d Cir. 1992), and cases cited therein.
In the case of LeFebvre v. LeFebvre, 589 So.2d 66 (La.App. 1st Cir.1991), the First Circuit essentially agreed with the rationale described above, but used a slightly different analysis:
[A] parent may satisfy his or her support obligation by either providing support in kind or by paying money for support; a parent is not required to do both at the same time (unless a combination of both is used to satisfy that parent's share of the mutual obligation). [Emphasis in original.]
589 So.2d at 70.
In the instant case, the trial judge fashioned a joint custody plan where the parents share equally in the day-to-day care of their children. Therefore, the financial needs of the children must be met by the parents in proportion to their financial resources. The trial judge must determine the proper method for dividing the financial obligations of Mr. and Mrs. Montet, whether it be in the form of child support payments to Mrs. Montet, who must provide a home year round for her children, or an order directing payment of the children's expenses, or a combination thereof. The child support guidelines contained at La.R.S. 9:315 et seq. apply to this case, although the unique circumstances herein may warrant deviation from those guidelines; that is for the trial judge to determine in an evidentiary hearing.

DECREE
This case is remanded to the trial court for a determination of the parties' child support obligations and whether those obligations should be satisfied in the form of payments to Mrs. Montet, payment of the children's specific expenses, or a combination thereof. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Montet.
AFFIRMED IN PART AND REMANDED.
SAUNDERS and WOODARD, JJ., dissent and assign reasons.
SAUNDERS, Judge, dissenting.
I feel that the best interest of the children would best be served by naming Mrs. Montet as the principal domiciliary parent and that the trial judge abused his discretion in failing to do this.
The reasons I feel that Mrs. Montet should be the principal domiciliary parent are as follows:
(1) It is clear that, although no judgment awarded Mrs. Montet principal domiciliary status, she has in fact served in this capacity on a de facto basis from January of 1990, when the couple separated, until judgment was rendered in June of 1992. During this time, the children have prospered and there is no indication that her maintenance of the children was anything less than exemplary. Inasmuch as there was no judgment naming a domiciliary parent, the court must determine what is in the best interest of the children and need not determine whether there has been any change in circumstances to warrant a change in principal domiciliary parent as would be necessary if Mrs. Montet had originally been named the domiciliary parent. The reason underlying the rule which requires a change in circumstances once a parent has been approved by the court is the fact that continuity and stability are very important to children's welfare and courts should not make changes without a *542 strong showing of need for such a change. The reasoning in the present case suggests strongly that Mrs. Montet should be the domiciliary parent because she has served in this capacity on a de facto basis, has done so very well, no criticism of her is to be found and the children seem to be prospering. Thus, the welfare of the children would best be served by continuing a regime which has worked and is working well for them.
(2) It appears that Mrs. Montet has worked very hard and has provided the children with a home which is in fact their home and which they think of as their home, and where they are able to establish roots and to be part of a family unit. The children in Mrs. Montet's home have their own bedrooms which are decorated for children and their toys, belongings and artwork are displayed on the walls to give them a real feeling of home.
By contrast, when the children are with their father, they stay at their grandparents' home and live more as visitors than as members of a family unit in a home of their own.
This is a very important consideration and suggests that Mrs. Montet has a better claim to the domiciliary parent designation.
The record also shows that Mrs. Montet is an exemplary parent within the purview of LSA-C.C. art. 131(C)(2) in that she has a very close, loving and affectionate relationship with her children; she shows a capacity to given the children love, affection and guidance and to assist them in their educational process; she, together with Mr. Montet, is able and willing to provide for the children; the children have lived with her for over two years in a stable and satisfactory environment and it is desirable that the continuity which has been established should be maintained; they live in a very nice townhouse with a fenced yard and patio outside for play, outdoor toys are abundant; both her mental and physical health are good; she has worked with the children and they have developed appropriately in an excellent school.
For the foregoing reasons, I feel that the trial court erred in awarding the custody to Mr. Montet. I feel that the best interest of the children would be in continuing in the regime with the mother as the principal domiciliary parent.
Accordingly, I respectfully dissent.
WOODARD, Judge, dissenting.
I respectfully dissent from the majority for the following reasons:
This case appears to be an issue of form versus substance. Although the parties failed to specify a domiciliary parent in their consent decree, they apparently intended that Ms. Montet was to assume that role since she did so in every respect, following the judgment of separation, with Mr. Montet's compliance. For example, the children resided with her most of the time; Mr. Montet exercised visitation rights; Ms. Montet provided their primary care needs; Mr. Montet made monthly child support payments in the amount of $600 per month to Ms. Montet. La.R.S. 9:315.8 defines the one to whom child support is paid to be the domiciliary parent. Not only did Mr. and Ms. Montet consider Ms. Montet the domiciliary parent by their actions, but according to the psychologist's report, the children did as well. Further, Mr. Montet asked to continue this arrangement in his petition for divorce. It was only after Ms. Montet filed a reconventional demand for increased child support, inter alia, that matters changed and he amended his petition requesting that he be named domiciliary parent, which is in truth and fact, a change form the original decree.
Mr. Montet should be held to the same standard as anyone requesting a change in custody; namely, to demonstrate that there has been a material change in circumstances since the original decree and that the requested modification is in the best interest of the child, Beard v. Beard, 599 So.2d 486 (La.App. 3 Cir.1992).
Mr. Montet failed to show a material change in circumstances which would justify this modification of custody. Notwithstanding, if he were deemed to meet this requirement, I concur with Judge Saunders' analysis that he has not satisfied the best interest of the children test.
NOTES
[1] We point out that in the trial court's judgment of separation, joint custody with reasonable visitation rights was ordered. No visitation schedule was implemented, and domiciliary status was not mentioned. The divorce judgment at issue herein is the first judicial determination of visitation and domiciliary status and essentially formalizes the parents' plan. It did not change the status quo.