651 So.2d 466 (1995)
Harold TEMPLE, Plaintiff-Appellant,
v.
Cheryl Ann Graves TEMPLE, Defendant-Appellee.
No. 94-1244.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
*467 H.F. Sockrider, Jr., Shreveport, for Harold Temple.
Foster Clay Tillman, Jr., Leesville, for Cheryl Ann Graves Temple.
Before YELVERTON, THIBODEAUX and DECUIR, JJ.
DECUIR, Judge.
Harold Temple appeals the judgment of the trial court setting the amount of his child support obligation. For the following reasons, we affirm the trial court judgment.

FACTS
Harold Temple filed a petition for divorce requesting alimony pendente lite, child support, joint custody, temporary restraining orders, use and occupancy of the family home and status as primary custodial parent of the minor child of the marriage. He amended this petition to pursue a divorce under Civil Code Article 102, and requested provisional reasonable visitation privileges with the minor child.
The trial judge rendered judgment designating Cheryl Ann Graves Temple as domiciliary parent and granting Harold Temple visitation rights. The judgment further ordered that Harold Temple pay Cheryl Ann Graves Temple $356.02 per month in child support and both parties were to pay any medical expense not covered by insurance which Cheryl Ann Temple Graves was obligated to provide. Both parties filed motions for new trial.
The trial judge ruled on the motions for new trial and reset Harold Temple's support obligation to $367.30. The trial court also denied Harold Temple's request that his child support obligation be suspended, or reduced proportionately, for the amount of time he has physical custody of the minor child. It is from this ruling that Harold Temple appeals.

DISCUSSION
Harold Temple contends that the trial court erred in failing to reduce his child support obligation in proportion to the amount of time the minor child spends with him during the year. We disagree.
The argument of Mr. Temple is based primarily on LSA-R.S. 9:315.8(E), which provides that the trial court shall consider the period of time spent with the non-domiciliary party as a basis for adjustment of the amount of child support to be paid during that time. Mr. Temple fails to note that the statute also provides that the court shall include in such consideration the continuing expenses of the domiciliary party. In any event, this argument is not original. Though Mr. Temple failed to cite authority from this court, we have previously addressed this issue.
In Abbott v. Dunlap, 597 So.2d 1212 (La. App. 3 Cir.1992), we refused to further reduce a father's child support obligation in proportion to the time the child spent with him during the year. While Abbott involved a situation where the trial court had reduced the father's payments for the summer months, we noted that LSA-R.S. 9:315.8(E) *468 places the decision of whether to reduce the non-custodial parent's child support obligation in the trial court's discretion. LSA-R.S. 9:315.8(E) has been amended to substitute the court shall for the court may since Abbott was decided, but this change merely requires that the court consider time spent with the non-domiciliary parent. The statute does not require that the trial court make an adjustment for this time, nor does it remove the decision to reduce payments from the discretion of the trial court.
Mr. Temple's reliance on the mandatory language of LSA-R.S. 9:315.8(E) is somewhat ironic in light of the fact that the child support award suggested to this court by Mr. Temple calls for a payment from Mrs. Temple, the domiciliary parent, to Mr. Temple. Such an award would clearly be in conflict with the mandatory language of LSA-R.S. 9:315.8(D) which requires that the non-domiciliary parent shall owe his total child support obligation as a money judgment of child support to the domiciliary parent.
In anticipation of our concern regarding Mrs. Temple's status as domiciliary parent, Mr. Temple has cited Montet v. Montet, 629 So.2d 538 (La.App. 3 Cir.1993) for the proposition that domiciliary status is unimportant for purposes of child support calculations. This reliance is misplaced. Mr. Temple has separated the words from their context and in so doing deprived them of their import.
In Montet we noted that fathers and mothers are obligated to support, maintain, and educate their children in proportion to the needs of the children and the circumstances of the parents, and this obligation is unaffected by a parent's custodial status. 629 So.2d at 540. We also noted that if parents contribute equally to the day-to-day care of their children, their financial support obligations must be borne in proportion to their ability to pay. 629 So.2d at 540. Clearly the import of these words is that the parents are responsible for providing support to their children regardless of designation.
In the instant case, the minor child is primarily in the home of Mrs. Temple. There is no extended period of domicile with Mr. Temple, such as a summer, that might substantiate an abatement in support payments. See Abbott, supra. Though the total number of days spent with Mr. Temple is large, it is clear that the continuing home environment must be provided by Mrs. Temple as the domiciliary parent.
Our review of the record reveals that the trial court considered both the time that the child spends with Mr. Temple and the ongoing expenses of Mrs. Temple as required by LSA-R.S. 9:315.8(E). We find no abuse of the trial court's wide discretion in the denial of Mr. Temple's request for a reduction in his child support obligation.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellant, Harold Temple.
AFFIRMED.