663 So.2d 277 (1995)
Kristy Crisman GREEN, Plaintiff-Appellant/Appellee,
v.
Kenneth Troy GREEN, Defendant-Appellee/Appellant.
No. 95-307.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
*278 David W. Groner, New Iberia, for Kristy Crisman Green.
Gerard B. Wattigny, New Iberia, for Kenneth Troy Green.
Before SAUNDERS and SULLIVAN, JJ., and KNIGHT [*], J. Pro Tem.
SULLIVAN, Judge.
Plaintiff, Kristy Green, and defendant, Kenneth Green, separately appeal from the child support portion of their judgment of divorce. Kristy asserts on appeal that the trial court erred in granting Kenneth full credit against his child support obligation for the medical insurance premiums he pays on behalf of their minor child, Austin Green. Kenneth contends that the trial judge abused his discretion by failing to consider the time spent by the child with him as a basis for adjusting downward the amount of his child support obligation.
After reviewing the record, we find no error or abuse of discretion in the trial court's manner of calculation. Accordingly, we affirm.

FACTS
Kristy and Kenneth were married on April 4, 1987. They had one child, Austin, who was born on June 13, 1988. The parties physically separated in January 1994. Kristy filed a petition for divorce from Kenneth on January 31, 1994. Therein, she also requested that the court award her sole custody of Austin subject to Kenneth's visitation and child support in accordance with La.R.S. 9:315 et seq.
Kenneth filed an answer seeking joint physical custody of Austin. On August 19, 1994, Kenneth filed a rule to show cause why the divorce and joint custody of Austin should not be granted. He also asked the court to fix the amount of child support to be paid by himself to Kristy.
This matter was tried on September 30, 1994. At trial, both parties presented separate child support calculation worksheets in accordance with La.R.S. 9:315.8. The parties agreed to their respective monthly adjusted gross incomes of $1,032.00 for Kristy and $2,990.00 for Kenneth. The combined monthly adjusted gross incomes was set therefore at $4,022.00, with Kristy's proportionate contribution at twenty-six percent (26%) and Kenneth's proportionate share at seventy-four percent (74%). The parties also agreed that, with reference to the table in La.R.S. 9:315.14, their basic child support obligation is $585.00. To this amount, they added the cost of the child's health insurance premium, $147.00, to reach a total child support obligation of $732.00. Kristy's proportionate obligation was set at $190.00 (26% of $732.00), and Kenneth's proportionate obligation was set at $542.00 (74% of $732.00). On these elements of the calculation, the parties agree.
The disagreement arose in the method of calculating the credit to which Kenneth is entitled for his payment of the child's health insurance premium. Kenneth asserted that, because he pays the entire $147.00 premium, he should receive a credit for the entire amount expended. This would set his monthly child support obligation at $395.00. Kenneth asked for a further fifty percent *279 (50%) reduction to $197.50 because of their shared custody relationship in which he has Austin one-half of the time. Kristy, on the other hand, contended that Kenneth should receive a credit for only twenty-six percent (26%) of the $147.00, the percentage for which she is obligated to pay. This would set Kenneth's monthly child support obligation at $503.78.
At the brief hearing, both Kristy and Kenneth testified that, since their physical separation, they had alternated weeks of custody of Austin. Also, Kenneth had been paying her $600.00 per month, of which they considered an unspecified portion to be temporary alimony. With the $600.00 from Kenneth and her take home pay from work, Kristy stated that she was only able to buy basic necessities and was unable to save any money. She now lives in a two bedroom, one bath apartment with the rent costing $350.00 per month. She characterized her standard of living as being lower than when she and Kenneth were married.
Kenneth stated that the alternating weeks of custody situation is satisfactory to him. He stated that, because of this arrangement, whereby he has Austin fifty percent (50%) of the time, his child support obligation should be $197.50 per month.
After the hearing, the trial judge rendered oral reasons for judgment in which he granted a divorce and ordered the parties to share custody of Austin fifty percent (50%) each. The court then accepted Kristy's child support calculation method and ordered Kenneth to pay $542.00 per month, less twenty-six percent (26%) of the $147.00 for the health insurance premium cost. The court did not specifically reject Kenneth's claim for adjustment because of the time to be spent with Austin.
On October 7, 1994, the trial court signed a judgment in accordance with its reasons.
On October 13, 1994, Kenneth filed a motion for new trial on the basis that he was entitled to subtract the entire amount of the health insurance premium that he is required to pay from his child support obligation. He sought a new trial for purposes of rearguing this point of law.
The trial court granted the new trial and, on November 15, 1994 rendered amended reasons for judgment. The trial judge agreed with Kenneth's position and modified his monthly child support obligation to $395.00 per month. In the amended reasons, he also stated that "there is not sufficient reasons to deviate from the child support guidelines." On December 2, 1994, the trial court signed an amended judgment incorporating the changes in Kenneth's support obligation.

MEDICAL INSURANCE
La.R.S. 9:315.2 requires that the trial court first calculate a basic child support obligation by combining the parents' adjusted gross incomes and obtaining the basic child support obligation amount corresponding to the combined adjusted gross income schedule in La.R.S. 9:315.14. It also requires each party to determine by percentage his or her proportionate share of the combined adjusted gross income. After the basic child support obligation is determined, the total child support obligation is computed by adding to it net child care costs, health insurance premiums, extraordinary medical expenses and other extraordinary expenses. La.R.S. 9:315.3, 315.4, 315.5, 315.6 and 315.8(A); Norred v. Norred, 591 So.2d 396 (La.App. 2 Cir.1991), writ denied, 592 So.2d 1319 (La. 1992). Each parent's share of the total child support obligation is then computed by multiplying his or her percentage share of the combined adjusted gross income by the total child support obligation. La.R.S. 9:315.8(C).
The party without legal custody or the nondomiciliary party is thereafter cast in judgment in favor of the custodial or domiciliary party for his or her share of the total child support obligation, "minus any court-ordered direct payments made on behalf of the child for work-related net child care costs, health insurance premiums, extraordinary medical expenses, or extraordinary expenses provided as adjustments to the schedule." La.R.S. 9:315.8(D) (emphasis added).
Kristy argues on appeal that the reduction inuring to Kenneth should be only twenty-six percent (26%) of $147.00, the cost *280 of the health insurance premium, since Kenneth's proportionate share of the combined adjusted gross income and of the total child support obligation is seventy-four percent (74%). We disagree. The wording of La. R.S. 9:315.8(D) is clear. If the trial court, in its discretion, requires one party to pay health insurance premiums directly on behalf of the child, then the total child support obligation awarded against the non-custodial or nondomiciliary party must be reduced accordingly. Buchert v. Buchert, 93-1819 (La. App. 1 Cir. 8/28/94), 642 So.2d 300; Rushing v. Rushing, 93-1073 and 93-1074 (La.App. 3 Cir. 4/6/94), 635 So.2d 610; Timmons v. Timmons, 605 So.2d 1162 (La.App. 2 Cir.1992). As in the above cited cases, Kenneth, as the parent who is required by the court to pay the child's health insurance premium, is entitled to reduce his total child support obligation by the cost of the premium.
In its amended judgment, the trial court correctly complied with the statutory calculations in ordering Kenneth to pay $395.00 per month plus medical insurance premiums.

RELATIVE TIME SPENT ADJUSTMENT
Kenneth argues that the trial court erred in failing to reduce his child support obligation in consideration of the fact that he and Kristy have joint custody on an equal time basis. He urges that La.R.S. 9:315.8(E) requires the court to make such an adjustment. Kenneth seeks to reduce his total child support obligation to $197.50 per month, one-half of the present $395.00 per month which he is obligated to pay Kristy.
La.R.S. 9:315.8(E) provides:
In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time. The court shall include in such consideration the continuing expenses of the domiciliary party.
A review of the original and amended judgments reveals that the trial judge did not establish either party as the domiciliary parent. This is apparently because he established the custody arrangement on an equal time basis. In the amended reasons for judgment, however, the trial court rejected Kenneth's demand for a proportionate reduction, finding that "there is not sufficient reason to deviate from the child support guidelines."
The above statute mandates that the court is required to consider the period of time spent with the nondomiciliary party as a basis for adjustment of the child support obligation. It also, importantly, requires the court to make this consideration in light of the domiciliary party's continuing expenses. The statute does not mandate an adjustment for time spent, nor does it remove from the trial court the discretion to decide whether to make an adjustment. Temple v. Temple, 94-1244 (La.App. 3 Cir. 3/1/95); 651 So.2d 466. In the present case, despite the fact that custody is on an equal time basis, we consider that, only insofar as the language of La. R.S. 9:315.8(E) is concerned under the particular facts of this case, Kristy fulfills the role of the domiciliary parent because she is the party with significantly less monthly income and, therefore, is entitled to receive some child support from Kenneth. As in Temple, 94-1244 at p. 3; 651 So.2d at 468, we rely on the case of Montet v. Montet, 629 So.2d 538, 540 (La.App. 3 Cir.1993), wherein this court noted:
The Second Circuit, in Borden v. Borden, 550 So.2d 901 (La.App. 2d Cir.1989), has held that fathers and mothers are obligated to support, maintain, and educate their children in proportion to the needs of the children and the circumstances of the parents, and this obligation is unaffected by a parent's custodial status. 550 So.2d at 902. The Second Circuit has also held that if parents contribute equally to the day-to-day care of their children, their financial support obligations must be borne in proportion to their ability to pay. Hall v. Hall, 535 So.2d 790 (La.App.2d Cir. 1988); Osborne v. Osborne, 512 So.2d 645 (La.App. 2d Cir.1987).
Therefore, an adjustment is to be considered more so with regard to relative ability to pay and continuing expenses and less with regard to the custodial status of the parents. In our view, the preeminent concerns in such matters are the needs of the child and whether a downward adjustment in the payor's obligation pursuant to La.R.S. 9:315.8(E) *281 would unreasonably impair the payee's ability to meet those needs.
The evidence indicates that Kristy has monthly take home pay from her job of $791.51. Her total monthly expenses amount to $1,127.00. This leaves her with a deficit of $335.49. Our review of her monthly expenses reveals that they are reasonable and, by no means, are lavish or even unnecessary. Under these circumstances, reducing Kenneth's total child support obligation would result in a hardship on Kristy's ability to adequately provide for Austin. At present, with her take home pay and $395.00 child support, Kristy only has $59.51 left over each month for saving or other unforeseen yet inevitable expenses.
It is well settled that the trial court has broad discretion in determining matters pertaining to the award or reduction of child support. Given the income disparity of the parties and Kenneth's ability to pay $395.00 per month, we conclude that the trial court did not abuse its discretion in rejecting Kenneth's request for a reduction.

DECREE
For these reasons, the judgment is affirmed. Costs of this appeal are assessed equally to Kristy and Kenneth Green.
AFFIRMED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.