614 So.2d 170 (1993)
Donald W. LANCLOS, Plaintiff-Appellee,
v.
Sandra T. LANCLOS, Defendant-Appellant.
No. 91-1424.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*171 Guy O. Mitchell, Ville Platte, for plaintiff-appellee.
Privat & Regan, Thomas K. Regan, Crowley, for defendant-appellant.
Before LABORDE, THIBODEAUX and WOODARD, JJ.
THIBODEAUX, Judge.
This is an action for child support involving a proper determination of support under LSA-R.S. 9:315 et seq. The defendant, Sandra Lanclos, appeals a trial court judgment which failed to award child support in the amount specified by the Louisiana Child Support Guidelines and found the plaintiff, Donald Lanclos, self-employed. The trial court ordered Donald to pay $450.00 per month, or $225.00 per child for the two children of the marriage, April Marie and Shawn Wayne.
Sandra appeals and asserts that the trial court erred:
(1) in finding that Donald's income was $27,350.00 per year;
(2) in finding that Donald was self-employed and entitled to a deduction for ordinary and necessary expenses of his business;
(3) in failing to apply the Louisiana Child Support Guidelines;
(4) in deviating from the Louisiana Child Support Guidelines without a determination that the deviation was in the best interests of the children or inequitable to the parties; and,
(5) in failing to determine which factors required a deviation from the guidelines.
We affirm the trial court judgment regarding Donald's self-employed status and reverse its judgment on child support and award $580.00 in child support.

FACTS
On August 29, 1991, Donald filed for divorce from Sandra. A hearing was fixed for and held on October 14, 1991 on various ancillary issues, including child support. The parties were awarded joint custody and Sandra was named the custodial parent by stipulation. Donald's child support obligation was set at $450.00 per month, or $225.00 per child. The trial judge calculated this amount on the basis of $7.50 per child per day and commented in his oral reasons for judgment that the application of the Louisiana Child Support Guidelines would result in an "excessive" award of $501.00.
Sandra contends Donald is not self-employed but an employee of several companies. Donald argues he is a self-employed welder who contracts his services to several companies. The issue is whether or not Donald is a self-employed welder thereby allowing him to deduct certain expenses from his income tax which lowers the amount of his gross income for purposes of *172 determining the amount of his child support obligation by use of the guidelines. The trial judge decided that Donald earned in excess of $27,000.00 in 1990. Inherent in that finding is that Donald was self-employed since his income would have been otherwise considerably higher. Sandra contends some of Donald's employers used a 1099 rather than a W-2 form to avoid paying taxes on the wages paid to Donald.

LAW AND DISCUSSION
On these assignments of errors, our review is limited to whether the trial judge committed manifest error or was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979), Rosell v. Esco, 549 So.2d 840 (La.1989). Whether Donald was self-employed and therefore entitled to deduct his business expenses from his gross receipts is a factual finding to be made by the trial judge. Rosell at 844-845 teaches that:
Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its fact, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. (citations omitted)
Robert R. Hicks, accountant for Donald, produced Donald's income tax return which was prepared by Mr. Hicks in 1990. Mr. Hicks also produced Donald's W-2 forms and 1099 forms. Mr. Hicks testified that for income tax purposes, Donald had gross receipts from two different items or groups of items from the companies for whom he worked. The 1099 forms came from companies for which Donald did contract welding work and reflect self-employment on the tax schedule. Mr. Hicks further testified Donald's business expenses were listed on a separate schedule and deducted only from the total income as reflected on the 1099 forms which would equal Donald's taxable income. Mr. Hicks determined Donald's net profit for the year 1990 to be $27,371.00. On cross examination, Mr. Hicks testified that a lot of companies which do not want to pay employee benefits use the 1099 form and call it contract work.
Donald's testimony supported Mr. Hicks' testimony in that he stated he was a self-employed welder who owned his own torch and did welding work for various companies. Moreover, Sandra testified on direct examination and cross examination that Donald was self-employed.
Our review of the record convinces us that the trial judge committed no error in accepting, rejecting or in weighing the testimony and documentary evidence. Thus, the finding by the trial court that Donald was self-employed is not clearly wrong.

ASSIGNMENTS OF ERRORS NOS. 3, 4, AND 5
Sandra contends, in the event this court finds the trial judge was correct in finding Donald was a self-employed welder, that the trial judge incorrectly deviated from the Louisiana Child Support Guidelines in awarding as child support $225.00 per month per child for a total of $450.00 per month and in failing to give a proper explanation for the deviation. The trial court was required to apply the child support guidelines in LSA-R.S. 9:315.14 since this statutory standard was in effect on the date this action was filed. Absent proper reasons for deviation, Sandra was entitled to the monthly amount specified in the schedule. Donald asserts that the deviation was proper because LSA-R.S. 9:315.1(C)6 allows the court to consider factors not listed in this section that would make the application of the guidelines inequitable.
The correct statutory provision is LSA-R.S. 9:315.1(C)7. Regardless of the factors considered by the trial judge in determining Donald's child support obligation, the trial judge is required to articulate those factors. The issue on appeal is whether the trial court abused its discretion *173 in deviating from the guidelines to award $450.00 per month in child support.
LSA-R.S. 9:315.1(A) creates a rebuttable presumption that the amount calculated under the guidelines is the proper amount of child support to be awarded. The court may deviate from the guidelines if their application would be inequitable to the parties or not in the best interests of the child or children. LSA-R.S. 9:315.1(B). This rule of deference to the guidelines is in accord with prior jurisprudence concerning the standard of review which an appellate court should exercise over a trial court's determinations regarding child support. We have previously defined this standard as leaving the trial court "much discretion." Abbott v. Dunlop, 597 So.2d 1212 (La.App. 3d Cir.1992). Any deviation from the guidelines must be accompanied by the court's oral or written reasons and these reasons must be made a part of the record. LSA-R.S. 9:315.1(B). Montgomery v. Waller, 571 So.2d 765 (La.App. 2d Cir.1990).
LSA-R.S. 9:315.1(C)(1-7) gives an illustrative list of factors which may be considered by a trial court in determining whether to deviate from the guidelines:
C. In determining whether to deviate from the guidelines, the court's considerations may include:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.14. If the combined adjusted gross income of the parties is less than the lowest sum shown on the schedule, the court shall determine an amount of child support based on the facts of the case. If the combined adjusted gross income of the parties exceeds the highest sum shown on the schedule, the provisions of R.S. 9:315.10(B) shall apply.
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household.
(3) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.
(4) An extraordinary community debt of the parties.
(5) The need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held. In such cases, the court at the full hearing shall use the provisions of this Part and may redetermine support without the necessity of a change of circumstances being shown.
(6) The permanent or temporary total disability of a spouse to the extent such disability diminishes his present and future earning capacity, his need to save adequately for uninsurable future medical costs, and other additional costs associated with such disability, such as transportation and mobility costs, medical expenses, and higher insurance premiums.
(7) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
In the present case, the trial judge made the following statements regarding the award of child support:
"All right the Court's prepared to rule. Now first of all I want to rule on the question of child support, support for the two children, Uh the children are ages, aged as I understand 5 and 12, is that correct?....
The Court has Uh, listened very carefully to the testimony concerning Uh, the Uh wages or the income, let's say the income made by Uh, Mr. Lanclos and Uh, the Court believes that it would, if were to impose the schedule upon them that would be $501.00. The Court thinks that that would be excessive....
Now for the two children I'm going to allow $15.00 a day, that's $450.00 a month ... make it to each child, $225.00 per child...."
As can be seen from this excerpt, the trial court did not apply the statutory guidelines. The trial court's reasons for deviating from the child support guidelines fail to establish that such deviation would be in the best interests of the children or would be inequitable to the parties. Contrary *174 to what counsel for Donald argues in his briefthat the trial judge found adherence to the guidelines "onerous"the trial judge merely stated that imposition of the guidelines would be "excessive."
The child support guidelines clearly establish that the trial court's discretion in the amount of child support to be awarded is now structured. Under the child support guidelines, a rebuttable presumption exists that the amount contained in the statutory tables, factoring in the number of children and the parents' income, is the proper amount to be awarded.
The guidelines would only allow a downward deviation, as in this case, where the guidelines amount would be inequitable to the parties since a deviation below the guidelines could never be in the best interests of the children. See, Montgomery, supra. When a perceived inequity exists, the court is required to explain orally or in writing its reasons for the deviation. Simply stating that imposing the guidelines is excessive is not a sufficient statement under the guidelines to support deviation.
Because of the failure of the trial court to give the required oral or written reasons for the deviation, the judgment is deficient. Not only must the court give its reasons for deviating from the guidelines, it must also provide an evidentiary basis for the deviation. Fancett v. Fancett, 590 So.2d 1250 (La.App. 1st Cir.1991). With clearly stated reasons, the reviewing court could more easily follow the trial court's reasoning in setting the basic support from the guidelines in considering any of the options allowed by LSA-R.S. 9:315.1(C).
Hogan v. Hogan, 549 So.2d 267 (La. 1989) mandates the appellate court, upon determining that the trial court abused its discretion in making a child support order, to assess the evidence anew from the record and render a judgment on the merits as if it were the trial court rather than to remand the case for further proceedings below. In cases where the record contains adequate information upon which to make a child support determination under the guidelines, pursuant to LSA-C.C.P. art. 2164, this court will apply the child support guidelines to the facts of the case rather than remand to the trial court. State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir. 1992). In the present case, there is sufficient information upon which to apply the child support guidelines.
Sandra is unemployed due to serious health problems requiring surgery and the children are in need of at least the statutory amount of child support. Although the trial court's deviation is only $130.00 per month, there is no justification for depriving these children of the amount needed for their support without adequate reasons for deviation. Nor is Donald's prediction that his income will decrease due to depression in the oil industry a justification for deviation in this case. The record indicates that Donald's income for the year 1990 was $27,371.00. The guideline amount of support to be contributed, by Donald is proportionate to the number of children and his income.
In brief before this court, Donald argues that a debt exists because he is required to pay the monthly automobile loan note of $189.00 until the loan is paid and the trial court failed to consider Sandra's earning potential. These may be proper factors for consideration under LSA-R.S. 9:315.1(C)(4) or (7), or 9:315.9 supra. However, we first note that the trial court made no finding that Donald's automobile note debt had any impact on the court's decision to deviate from the guidelines. Further, the record clearly shows that the court considered Donald's child support obligations and automobile note debt separately, one having nothing to do with the other. Moreover, the record supports the fact that Sandra is not voluntarily unemployed. Under these circumstances, Donald presents no justification for reduced child support payments.
The record does not support a finding that an award of $580.00 per month for these two children would be inequitable to the parties, nor did the trial court articulate sufficient reasons to justify its action in lowering the award below the minimum statutory guidelines.
*175 Although we find that the trial court erred in this case, we do not hold that a trial court has no discretion in setting child support awards. The act provides for guidelines, and not rigid adherence. The trial court's judicial discretion should be protected in order to prevent inequities. The intended purpose of the guidelines is to provide consistency and certainty in child support awards. In order to serve that purpose, an evidentiary basis for deviation must be properly presented and, if accepted by the trial court, the reasons for deviation must be clearly stated. Montgomery, supra.

CONCLUSION
We find that the trial court erred in failing to apply the child support guidelines of LSA-R.S. 9:315 et seq. and in failing to provide sufficient reasons for the deviation. Accordingly, we reverse the judgment of the trial court as to the child support award and order that Donald pay to Sandra $580.00 per month for child support of their two children. The judgment is affirmed in all other respects. Costs of this appeal are to be divided equally between the parties.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.