hKOSTELKA, Judge Pro Tempore.
Kayla Liles appeals a judgment on a rule to increase child support by the Eleventh Judicial District Court for DeSoto Parish. For the reasons set forth below, we vacate the trial court’s judgment and remand for further proceedings.
Facts
Kayla Liles and Scotty Liles married in December 1987, and two children were born of the marriage. The couple separated in April 2001 and the following June entered into a consent agreement wherein a judgment was rendered awarding them joint custody of the minor children with each parent being named as a co-domiciliary parent. The judgment (the “2001 judgment”) also provided that Mr. Liles would pay $400.00 per month in child support.
In January 2002, Mrs. Liles filed a rule seeking a final divorce, an increase in child support, and a partition of community property. Following an August 2002 hearing on the issue of an increase in child support, the trial court rendered judgment (the “2002 judgment”) denying Mrs. Liles’ request for an increase in child support,[1] from which Mrs. Liles has appealed.
Discussion
On appeal, Mrs. Liles contends that the trial court erred in denying her request for an increase in child support because a material change in circumstances exists. She maintains that the parties’ incomes greatly changed from the time of the consent agreement in June 2001 and that Mr. Liles was exercising substantially less visitation, and thereby avoiding the Ldaily expenses of the children, than was intended and agreed to by the parties originally. We conclude that the trial court erred because it deviated from the child support guidelines (the “guidelines”) as stated in La. R.S. 9:315, et seq., without reasons for said deviation.
*881 The guidelines are to be used in any proceeding to establish or modify child support, and there is a rebuttable presumption that the amount of child support obtained by use of the guidelines is the proper amount of child support. La. R.S. 9:315.1(A). Although a court may deviate from the guidelines if their application would not be in the best interest of the child or would be inequitable to the parties, the court must give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warrant a deviation from the guidelines. La. R.S. 9:315.1(B); Guillot v. Munn, 1999-2132 (La.03/24/00), 756 So.2d 290.
In the case sub judice, the statutory mandate for specific oral or written reasons, including the amount due under the guidelines, was not followed in connection with either judgment addressing the child support issue. The transcript of the hearing preceding the 2001 judgment indicates that Mrs. Liles’ counsel informed the trial court that a judgment and joint custody plan had been prepared, that both parties had signed, and that counsel could give the court the details, if desired. The court then confirmed that both parties agreed to the terms and had signed. Mrs. Liles’ counsel then stated:
|sYour Honor, the child support amount set in that judgment is below the guidelines. I have prepared a child support worksheet. We’re asking the Court to deviate from the guidelines because of the amount of time that Mr. Liles is spending with the child.
The trial court responded, “All right,” and at this point the proceedings were concluded.
Later, in the 2002 judgment, the trial court indicated that it had reviewed the record, the evidence adduced, and the briefs of counsel, and based upon the financial information of the parties “and the attached child support worksheet,” there was no material change in circumstances to warrant an increase of child support from the $400.00 amount. The worksheet that the trial court referred to was its own worksheet dated September 11, 2002.[2] ■The calculation that the trial court performed pursuant to its worksheet indicated that Mr. Liles owed a child support obligation of $883.23 per month toward- the total child support obligation of $1497.00 per month. The trial.court’s judgment did not explain its conclusion that there was no substantial change in circumstances from the 2001 judgment which fixed Mr. Liles’ obligation at a much lower amount of child support, i.e., $400.00 per month.
In Stogner v. Stogner, 1998-3044 (La.07/07/99), 739 So.2d 762, the supreme court held that even though the parties had stipulated to an amount of child support, the trial court nevertheless was required to consider the guidelines and to give oral or written reasons warranting any deviation from |4the guidelines. Because the stipulated judgment was not given the proper consideration by the trial court, the supreme court held that the lower court erred in relying upon the flawed judgment to deny a modification of child support. Accordingly, the trial court’s judgment was reversed, and the case was remanded for expedited treatment for determination of modification of child support.
Here, we likewise hold that the trial court erred in relying upon the child *882 support award made in the 2001 judgment to deny a modification of child support in the 2002 judgment. Furthermore, as to the 2002 judgment, in the absence of specific findings concerning such things as witness credibility, the amount of time each parent was to have physical custody of the children, the basis of the parties’ respective income calculations, the basis of the trial court’s findings as to the parents’ incomes, and any other reasons that might help explain that judgment and its deviation from the guidelines, we conclude that, as in Stogner, supra, this matter should be remanded to the trial court for further proceedings.
We also note that if the trial court orders shared custody as defined in La. R.S. 9:315.9(A), which was apparently the intent of the 2001 judgment, then the trial court should use Obligation Worksheet B found in the provisions of La. R.S. 9:315.20 in order to calculate the amount of support due .under the guidelines for a shared custody arrangement. Additionally, the trial court must at least calculate the amount of child support due under “a mechanical application of the guidelines,” even if the court decides to deviate from the guidelines based on particular facts and cireum-stances ^specifically set forth and made a part of the record of the proceedings. See La. R.S. 9:315.1(B).
Conclusion '
For the reasons set forth above, the trial court’s judgment is hereby vacated, and the case is remanded for expedited hearing on the issue of modification of child support. Costs of this appeal are to be paid by Scotty Liles.
VACATED AND REMANDED FOR EXPEDITED HEARING.

. The issues of the divorce and the community property were disposed of by a judgment in May 2002.

. That worksheet is substantially similar to the Obligation Worksheet A found in La. R.S. 9:315.20 and is the worksheet that the provisions of La. R.S. 9:315.8 require a court use to determine child support in cases of joint custody.