957 So.2d 350 (2007)
Daniel P. AYDELOTT, Plaintiff-Appellant
v.
Lisa Burch AYDELOTT, Defendant-Appellee.
No. 42,161-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2007.
*351 Loomis & Dement, by Albert E. Loomis, III, Monroe, for Appellant.
Jill Binford Goudeau, Monroe, for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
STEWART, J.
At issue in this appeal by Daniel Aydelott is the trial court's judgment ordering his ex-wife, Lisa Aydelott, to pay child support in the amount of $266 per month for their three daughters. Because the trial court failed to follow the mandates of the Child Support Guidelines in setting the amount of support, we reverse the judgment and render in favor of appellant.

FACTS
Daniel and Lisa were married on October 24, 1992. Three daughters were born during the marriage. A judgment of divorce was signed on June 6, 2003. Thereafter, the parties shared equal custody of their daughters under a week-to-week arrangement. By stipulation of the parties and approval of the court, Daniel initially paid Lisa child support in the amount of $811. This amount was reduced to $736 by judgment rendered November 5, 2003.
On May 3, 2004, Daniel filed a rule for change of custody and modification of child support. He alleged that a material change in circumstances since the last judgment warranted a change in custody. He also alleged that the amount of support he was ordered to pay was not in compliance with the support guidelines.
In a written ruling and order signed on December 23, 2005, the trial court determined that the week-to-week arrangement produced "instability" in the lives of the three children. Attached to the ruling was a check sheet used by the court to weigh the factors of La. C.C. art. 134.[1] The *352 court discontinued the week-to-week arrangement, named Daniel the domiciliary parent with primary custody of the three children, granted Lisa reasonable visitation, and ordered her to pay child support in the amount of $266 per month retroactive to the date of filing. A separate judgment in accordance with the ruling was signed January 18, 2006.
Lisa requested findings of fact and reasons for the court's ruling and judgment. She also filed a motion for a new trial. In a ruling on March 27, 2006, the trial court explained its weighing of the La. C.C. art. 134 factors which led to the custody ruling. With regard to the award of child support, the court explained that it found "the amount of $266 per month to be proper. . . ." The trial court denied the motion for a new trial as it pertained to the award of custody, but granted it insofar as to issue a joint custody implementation plan. The trial court also granted a new trial to address the amount of child support owed by Lisa and the date to which the award should be retroactive. A judgment in accordance with the ruling was signed May 2, 2006.
After some additional testimony, the trial court ordered the parties to submit briefs on the support issue. Daniel complied with the order, but Lisa, who was changing counsel at the time, failed to do so. On September 15, 2006, the trial court signed a judgment that again set child support owed by Lisa at $266 per month but made it retroactive to January 1, 2006. The trial court ordered that the judgment could be "traversed" by any "new counsel" within fifteen days of the judgment.
Neither Daniel nor Lisa's new counsel filed to traverse the judgment. However, Daniel filed this appeal to assert error in the trial court's award of only $266 per month in child support. He argues that the trial court did not follow the child support guidelines and failed to give any reasons for the deviation.

DISCUSSION
Review of Trial Court's Judgment
Guidelines for the determination of child support are set forth in La. R.S. 9:315 et seq. The guidelines are to be used in any proceeding to establish or modify child support. La. R.S. 9:315.1(A). The guidelines are mandatory and provide limits and structure to the trial court's discretion in setting the amount of support. James v. James, 34,567 (La.App.2d Cir.4/6/01), 785 So.2d 193. The trial court's child support judgment will not be disturbed absent a clear abuse of discretion. Curtis v. Curtis, 34,317 (La.App.2d Cir.11/1/00), 773 So.2d 185.
There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is proper and in the child's best interest. La. R.S. 9:315.1(A); Guillot v. Munn, 99-2132 (La.3/24/00), 756 So.2d 290. However, the trial court may deviate from the guidelines if it finds that application of the guidelines would not be in the child's best interest or would be inequitable to the parties. Liles v. Liles, 37,251 (La.App.2d Cir.6/25/03), 850 So.2d 879; State ex rel. Metcalf v. Samuels, 34,402 (La.App.2d Cir.2/20/00), 775 So.2d 1162. La. R.S. 9:315.1(B) mandates that the trial court give specific oral or written reasons for a deviation and include specific findings as to the amount of support that would have been required under a mechanical application of the guidelines and as to the particular facts and circumstances that warranted the deviation. Liles, supra. This information is *353 required to be made part of the record of the proceedings. La. R.S. 9:315.1(B).
Deviations from the guidelines shall not be disturbed absent a finding of manifest error. La. R.S. 9:315.17. However, the record must include oral or written reasons that support the deviation and that are based on the record. Montou v. Montou, 96-1463 (La.App. 3d Cir.4/2/97), 692 So.2d 705. If the trial court fails to follow the mandatory procedure for deviation set forth in La.R.S. 9:315.1, it is legal error and precludes review of the deviation under the manifest error standard.
Here, the trial court's judgment ordering Lisa to pay only $266 per month in child support for her three daughters is a clear deviation from the guidelines considering the parties' combined income, which will be addressed herein. In making this child support determination, the trial court explained only that it found the amount of $266 per month to be "proper." The trial court failed to follow the mandates of La. R.S. 9:315.1 in determining the amount of support. Specifically, the trial court failed to calculate the child support due under the guidelines, to give specific reasons for the deviation, and to state the particular facts and circumstances that warranted the deviation. The trial court's failure to follow the applicable law in determining child support in this matter is legal error.
Where the record contains adequate information, this court may apply the guidelines and render a child support judgment rather than remand to the trial court for further proceedings. James, supra; State v. Flintroy, 599 So.2d 331 (La. App. 2d Cir.1992). Daniel asserts that the record contains adequate information to allow us to render a judgment; Lisa asserts that the record is lacking in information, particularly as to additional income allegedly made by Daniel. We note that the issue of child support has been in litigation since Daniel filed a rule for change of custody and modification of support on May 3, 2004. Our review of the record of these proceedings convinces us that any deficiencies in the record are attributable to both parties. Although the record is not perfect, it contains enough information to allow us to render a child support judgment that fairly reflects the parties' combined income and comports with the guidelines. To remand this already prolonged matter would surely not be in the best interest of the three children who are the subject of these proceedings.
Calculation of Support
Calculation of the child support obligation requires proof of the parties' adjusted gross incomes. La. R.S. 9:315.2(C). Each party determines the percentage of his or her proportionate share of the combined amount, and then the basic child support obligation is determined by reference to the schedule set forth in La. R.S. 9:315.19 based on the combined adjusted gross income and the number of children. La. R.S. 9:315.2(C) and (D). Each party's basic child support obligation is then determined according to the percentage of his or her share of the combined adjusted gross income. Upon establishing the basic obligation, the net child care costs, health insurance premiums, extraordinary medical expenses, and other extraordinary expenses on behalf of the child are added to the basic obligation to determine the total child support obligation. State ex rel. Metcalf v. Samuels, supra.
The record includes evidence from which we may determine the parties' adjusted gross income. As ordered by the trial court prior to its ruling on the motion for a new trial, Daniel submitted a memorandum with supporting documentation showing the most recent earnings of both parties as of August 2006. The record also *354 includes testimony about the parties' incomes.
Lisa's pay stub for the period ending August 5, 2006, from her employment with Glenwood Regional Medical Center shows that she is paid at a rate of $24.08 per hour of regular day shift employment. The pay stub is for a two-week period. Lisa testified on April 10, 2006, that she works about forty hours per week. She also testified that her income varies due to additional pay for call backs after regular hours but that these hours were being reduced by management to cut costs. However, the August 5, 2006 pay stub includes some call pay and shift work which totaled $99.48 for the pay period. The pay stub shows that Lisa was on paid time off for almost half of the pay period. Therefore, we find it likely that Lisa would have had additional call pay and shift work income had she worked during the full pay period. We recognize that this additional pay will vary, but we find that a determination of Lisa's gross income should include an additional amount for the shift work and call pay she receives. Considering she made an additional $99.48 working a little more than half the pay period, we believe that an additional $125 per pay period is a fair amount to add to her base gross pay. For purposes of determining the basic child support obligation, we will calculate Lisa's adjusted monthly gross income based on a rate of $24.08 per hour for a regular forty-hour work week for the year. This gives us a basic gross income of $50,086.40 for the year. Adding the call back pay of $3,250 ($125 × 26 pay periods) to the $50,086.40, we get a total yearly gross income of $53,336.40. Finally, her monthly adjusted gross income equals $4444.70 ($53,336.40 ÷ 12).
Included in the record is Daniel's 2005 income tax return, which shows his adjusted gross income for that year as $57,236. The most recent income information for Daniel is for the period of July 23, 2006 through August 5, 2006, from his employment with the Northeast Louisiana Cancer Institute. From this information, we are able to determine that Daniel is paid every two weeks at a rate of $30.79 per hour for a forty-hour work week. This establishes a yearly gross income of $64,043.20, and a monthly adjusted gross pay of $5336.90 ($64,043.20 ÷ 12) from his employment as a radiation therapist.
The record shows that Daniel also has additional income sources, which include rental income and farm income. The term "gross income" is defined under La. R.S. 9:315(C)(3)(c) as:
Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.
Daniel's 2005 tax return includes attachments that show additional income from farming and rentals.[2] Daniel's gross rental income was $4,650 and his gross farm *355 income was $4,052. The total of Daniel's additional gross income is $8,702. Although Daniel deducted various expenses from these for tax purposes, we do not find that he proved those deductions to be the type of ordinary and necessary expenses required to produce income that may be deducted in determining gross income for calculating child support. The record shows that Daniel has assets from which he derives additional income, and this income must be included in the child support calculation. Therefore, we will add $725.17 ($8,702 ÷ 12) to Daniel's monthly adjusted gross pay of $5336.90 to establish his monthly gross income for child support calculation purposes as $6,062.07.
Taken together, the parties' monthly adjusted gross incomes yields a combined monthly adjusted gross income of $10,506.77 ($4444.70 ± $6,062.07). Lisa's proportionate share is forty-two percent (42%), and Daniel's proportionate share is fifty-eight percent (58%). By reference to the schedule for support set forth in La. R.S. 9:315.19, the basic child support obligation for the three children is $1,972.00.
Net child care costs shall also be added to the basic child support obligation. La. R.S. 9:315.3. Daniel provided evidence that he enrolled the three girls in a YMCA after-school program. The child support worksheet submitted by Daniel calculates the net child care costs as $102. We find nothing in the record to contradict this figure.
La. R.S. 9:315.4 provides that the cost of health insurance premiums incurred on behalf of the children are also to be added to the basic child support obligation. Daniel provides the health insurance for the three girls. The record shows the premium amount attributable to coverage for the girls to be $121.26 per month.
Adding the net child care cost of $102 and the children's health insurance premium of $121.26 to the basic child support obligation of $1,972, yields a total child support obligation of $2,195.26. Lisa's forty-two percent share of the total obligation is $922.01 Daniel's fifty-eight percent share is $1273.25.
Lisa argues in her brief that any calculation of child support should include a credit to her for the amount of time the children will be in her care, which she estimates to be forty percent. La. R.S. 9:315.8(E)(1) allows for an adjustment to the amount of support to be paid based on the period of time the child spends with the nondomiciliary parent. The court may order a credit when the person ordered to pay child support has physical custody of the child for more than seventy-three days. La. R.S. 9:315.8(E)(2). To determine the amount of the credit, the court is directed to consider the following factors set forth at La. R.S. 9:315.8(E)(3):
(a) The amount of time the child spends with the person to whom the credit would be applied. The court shall include in such consideration the continuing expenses of the domiciliary party.
(b) The increase in financial burden placed the person to whom the credit would be applied and the decrease in financial burden on the person receiving the support.
(c) The best interests of the child and what is equitable between the parties.
The record shows that Lisa will have physical custody of the children for a sufficient amount of time to justify a credit against her support obligation. In fact, she will have custody of the three girls during the weekdays of the summer months and will bear the majority of the expenses for this time. For instance, she will have to obtain child care while she works. Conversely, Daniel's expenses in *356 this regard will be lessened during the summer. The parties' relative financial burdens are certain to be impacted by the custody arrangement. Moreover, a credit would be in the best interests of the children by insuring the parents have adequate financial resources to provide for their care, and it will achieve equity between the parties considering the amount of time each has primary care of the children. With these considerations in mind, we find that Lisa should be credited for two months of child support in consideration of the time the children will be with her during the summer months. Two months of her total child support obligation equals $1844.02 ($922.01 × 2). Deducting this amount from her yearly obligation of $11,064.12 ($922.01 × 12) yields $9,220.10. Spread out over the year, Lisa's monthly child support obligation, with the credit included, is set at $768.34. This is the monthly amount payable by her to Daniel.
Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand. La. R.S. 9:315.21(C). If the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall that date be prior to the date of judicial demand. La. R.S. 9:315.21(E). See also Curtis v. Curtis, supra. The date of judicial demand was May 3, 2004, when Daniel filed a rule for change of custody and modification of child support. At that time and until the trial court's ruling on December 23, 2005, the parties shared equal custody of the three children. Daniel's reasons for seeking modification of the support included the potential modification of custody and the allegation that the prior support judgment was the result of error and misapplication of the child support guidelines to the shared custody arrangement. However, review of the prior judgment ordering Daniel to pay child support of $736 per month shows that it was entered pursuant to the parties' stipulation. Considering that the parties stipulated to the prior judgment and that they shared custody of their daughters until the start of 2006, we find that the child support judgment entered by this opinion will not be retroactive to the date of judicial demand. Rather, support payable by Lisa in the amount of $768.34 per month is retroactive to January 1, 2006.

CONCLUSION
For the reasons explained, we reverse the trial court's judgment ordering Lisa Aydelott to pay child support of $266 per month for her three daughters. In accordance with the child support guidelines and evidence of record, Lisa Ayedelott is hereby ordered to pay Daniel Ayedelott child support in the amount of $768.34 per month retroactive to January 1, 2006. Costs are assessed equally between the parties.
REVERSED AND RENDERED.
NOTES
[1] We strongly urge the trial court to discontinue use of its check sheet for weighing the illustrative and non-exclusive list of factors set forth in La. Civ. C. art. 134. The child custody determination is not to be based on a mechanical evaluation of the factors listed in Article 134; rather, these factors and others found relevant are to be considered in light of the evidence presented to determine the best interests of the child. Stephenson v. Stephenson, 37,323 (La.App.2d Cir.5/14/03), 847 So.2d 175.
[2] Lisa also alleged that Daniel had additional income from bush hogging and referred to a tape purporting to show income from this activity for the years 2000, 2001, and 2002. At a hearing on November 10, 2005, Daniel testified that he did very little bush hogging in the past two years, and the record does not have any evidence of recent income from bush hogging.