MADELINE JASMINE, Pro Tempore Judge.
 

 12The Department of Social Services has appealed the trial court’s order of support. For the reasons that follow, we vacate the trial court judgment and remand for further proceedings.
 

 FACTS
 

 On April 14, 2008, the State of Louisiana, Department of Social Services, through the Jefferson Parish District Attorney’s office filed a petition for child support against Joe Pineyro. The petition alleged that defendant’s minor child D.P. was placed in the custody of the Office of Community Services and requested defendant show cause why he should not be ordered to support said child. On that same date, an identical petition was filed for support of the same child naming the child’s mother, Dianne Pineyro as defendant. This petition also requested Mrs. |sPineyro show cause why she should not be ordered to pay support. Mr. and Mrs. Pineyro are married and live in the same household. Although these petitions were filed separately and were not formally consolidated in the trial court, the matters were taken up together by the trial court and the appeals of the support judgments have been consolidated.
 

 On May 12, 2008, a hearing was held before a hearing officer. At the hearing, Ms. Pineyro explained that D.P. is in state custody because “he sexually offended one of my other little girls at home.” She further explained that she has special needs children in her home, including one child with AIDS. Mr. Pineyro stated that he had never stopped supporting D.P., explaining that they still bought him clothes
 
 *195
 
 and put money in his account at the facility. The hearing officer stated support was not going to be set at that time and asked the district attorney’s office to investigate the situation. No support was set at that time.
 

 On September 24, 2008, a second hearing was held regarding support before the same hearing officer. No testimony or evidence regarding the “investigation” by the district attorney’s office was presented. Mrs. Pineyro explained that she adopted four children. One child is in a wheelchair and is unable to speak, and another child has AIDS. She stated D.P. is in a facility receiving treatment after he sexually assaulted one of the children. Mr. Pineyro explained that they never stopped supporting D.P. and they put money in his account. The hearing officer found the parties had an obligation to support their child and found Mr. Pineyro’s income to be $5,919.00 per month based on reports to the Louisiana Department of Education and Training (LDET). He recommended support in the amount of $848.00 per month plus costs for a total of $890.00 per month. Mrs. Pineyro was not employed however, an average month income of $1,135.00 based on LDET was imputed to her. It was recommended Mrs. Pineyro pay support in the amount 14of $163.00 per month plus costs for a total of $171.15. Mr. and Mrs. Pineyro disagreed with these recommendations and a disagreement hearing was set
 
 [1]
 

 On October 6, 2008, a hearing was held before the juvenile court judge. Mrs. Pi-neyro explained that they adopted four children, one that is in a wheelchair and one with AIDS. She testified that D.P. is in a state facility. The trial court stated that she was deviating from the guidelines based on the special circumstances and ordered that Mr. Pineyro pay $25.00 per month support and Mrs. Pineyro pay $25.00 per month support. The court again reiterated that she deviated from the guidelines “based on the special needs children that are in the home.” This timely appeal followed.
 

 LAW AND DISCUSSION
 

 The Louisiana Child Support Guidelines set forth the method for implementation of the parental obligation to pay child support. La. R.S. 9:315, et seq. The guidelines are to be used in any proceeding to establish or modify child support. La. R.S. 9:315.1(A). There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is the proper amount of child support. La. R.S. 9:315.1(A). However, the trial court may deviate from the guidelines if it finds that application of the guidelines would not be in the child’s best interest or would be inequitable to the parties. La. R.S. 9:315.1(B). This statute mandates that the trial court give specific oral or written reasons for a deviation and include specific findings as to the amount of support that would have been required under a mechanical application of the guidelines and as to the particular facts and circumstances that warranted the deviation.
 
 Id.
 
 This information is required to be made part of the record of the proceedings.
 
 Id.
 

 | ^Deviations from the guidelines shall not be disturbed absent a finding of manifest error. La. R.S. 9:315.17. However, the record must include oral or written reasons that support the deviation and that are based on the record.
 
 Aydelott v. Aydelott,
 
 42,161 (La.App. 2 Cir. 5/9/07), 957 So.2d 350. If the trial court fails to follow the mandatory procedure for deviation set forth in La. R.S. 9:315.1, it is legal
 
 *196
 
 error and precludes review of the deviation under the manifest error standard of review.
 
 Id.
 

 In the case at bar, the trial court’s judgment ordering the parties to each pay $25 per month in child support for their son is a clear deviation from the guidelines. In making this child support determination, the trial court explained only that she deviated from the guidelines “based on the special needs children that are in the home.” The trial court failed to follow the mandates of La. R.S. 9:315.1 in determining the amount of support. Specifically, the trial court failed to calculate the child support due under the guidelines, to give specific reasons for the deviation taking into account the income and expenses of the parties including those of the special needs children, and to state the particular facts and circumstances that warranted the deviation. The trial court’s failure to follow the applicable law in determining child support in this matter is legal error.
 

 Further, La. R.S. 9:315.14 provides that in no event shall the court set an award of child support less than one hundred dollars, except in cases of shared or split custody pursuant to La. R.S. 9:315.9 and 315.10. While it is clear that the child is in the custody of OCS, the circumstances in the case at bar do not fall under shared or split custody pursuant to these statutes.
 

 We note that apparently, the trial court took into consideration La. R.S. 9:315.1(0(8) which allows the court to look at any other consideration which would make application of the guidelines inequitable to the parties. However, the | ^record contained no specific testimony regarding the care required by the handicapped children including whether they attend school and whether Mrs. Pineyro has any assistance in caring for them. While we acknowledge that it may be inequitable to order a mother who is voluntarily unemployed because she is caring for handicapped children to pay child support for a child in the custody of the state, we must follow the laws as they were enacted by the legislature. The record in this matter does not contain enough information to support the trial court’s ruling.
 
 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court is vacated. This matter is remanded for further proceedings consistent with this opinion.
 

 JUDGMENT VACATED; REMANDED.
 

 [1]
 

 . Although not relevant to our disposition, we find error in this calculation based on the stated income of the parties and the application of LSA-R.S. 9:315.19