# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-865

STATE OF LOUISIANA

VERSUS

KEVIN WILLIS

************

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. S-3026
HONORABLE RONALD L. LEWELLYAN, DISTRICT JUDGE

************

## DAVID E. CHATELAIN[*]
## JUDGE

************

Court composed of Jimmie C. Peters, James T. Genovese, and David E. Chatelain, Judges.

**REVERSED AND REMANDED.**

**James P. Lemoine**
**District Attorney**
**Renee W. Dugas**
**Assistant District Attorney**
**200 Main Street**
**Colfax, Louisiana  71417**
**(318) 627-2971**
**Counsel for:**
       **State of Louisiana**

**Brian K. Thompson**
**Attorney at Law**
**2915 Jackson Street**
**Alexandria, Louisiana  71301**
**(318) 473-0052**
**Counsel for Defendant/Appellant:**
       **Kevin Willis**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**CHATELAIN, Judge.**

The defendant, Kevin Willis (Kevin), appeals the judgment on his motion to modify child support because the trial court deviated from the legislatively established Louisiana Child Support Guidelines (Guidelines) without providing written or oral reasons. We reverse and remand with instructions to proceed according to La.R.S. 9:315.1.

## BACKGROUND AND PROCEDURAL HISTORY

Kevin and Heather Willis (Heather) are the parents of seven-year-old Karmen. Kevin is unmarried and has been subject to a child support obligation of $747.24 per month since November 6, 2007. This award was based on the Guidelines, which determined that Kevin was responsible for 42.09% of a total support obligation of $1,536.51 per month. In addition to the basic support obligation based on the parties' combined income, the total obligation included $100.00 per month for child care, $142.56 for Karmen's health insurance, and $365.00 for private school tuition. The original child support is being collected and distributed through the State of Louisiana (State) pursuant to La.R.S. 46:236.1.1-46:236.16., and it remains a party in these support proceedings.

On January 6, 2010, Kevin was terminated from a job that paid $25.36 per hour, and he then filed the motion to modify child support that is the subject of this appeal because of his unemployment. He has since obtained work but is now earning only $16.00 per hour. When he was terminated, Kevin also lost the employee benefits that had previously provided health insurance for Karmen. Heather has since acquired a health insurance policy for Karmen with a monthly premium of $230.00.

1

Furthermore, Heather, who has physical custody of Karmen, recently moved residences, and Karmen is no longer able to attend the Montessori Educational Center (MEC), the private school she had attended when the original child support obligation was determined. There are two private schools near Heather's new residence, but, at the time of trial, it was unclear whether Karmen would be attending either. Karmen's tuition for the 2009-2010 school year at MEC was twelve monthly payments of $388.33, but no evidence was presented regarding the tuition for either of the private schools Karmen may attend for the 2010-2011 school year. Heather also testified that her child care costs consisted of babysitting at the rate of $100.00 per week during Karmen's summer break and other school holidays. Finally, Heather's monthly income has increased from $3,212.50 to $4,333.33 since the 2007 support award.

The hearing officer who initially considered the request for modification recommended that Kevin's support obligation be lowered to $650.00 per month; the record does not indicate whether this figure was based on calculations under the Guidelines or if Kevin was still unemployed at that time. At trial, the State submitted a worksheet calculating the support obligation under the Guidelines based on the parties' current salaries, Karmen's health insurance premiums, eighteen weeks of child care at $100.00 per week, and the 2009-2010 tuition for Karmen's old private school. Using these numbers, the State suggested to the trial court that, based upon the Guidelines, Kevin is responsible for 39.02% of the $1,782.84 total support obligation, which equals $695.66.

At a hearing on May 14, 2010, the trial court ruled, "[b]ecause of the circumstances, I'm going to deviate from the formula and order that [Kevin] pay

2

$650[.00] per month." It did not make any findings regarding the proper amount under the Guidelines or give any further reasons for its ruling.

## DISCUSSION

On appeal, Kevin contends that the trial court failed to comply with La.R.S. 9:315.1(B)(1) by failing to give specific oral or written reasons for deviating from the Guidelines. Generally, La.R.S. 9:315-9:315.26 establish these Guidelines and govern their application to child support cases. Subpart A of La.R.S. 9:315.1 requires their use in any proceeding to establish or modify child support and further establishes a rebuttable presumption that the amount derived by such use is the appropriate amount of child support.

Louisiana Revised Statutes 9:315.1(B)(1) goes on to set substantive standards and procedural requirements that the trial court must meet to award an amount of child support that differs from the Guidelines:

> The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.

The procedural requirements for deviating from the Guidelines are twofold. First, the trial court must use the Guidelines to calculate an amount of support and include a finding regarding that amount in the record. Second, the trial court must give written or oral reasons that describe with particularity the facts and circumstances of the case which make awarding the amount generated by the Guidelines either contrary to the child's best interest or inequitable to the parties.

3

In *Lanclos v. Lanclos*, 614 So.2d 170, 175 (La.App. 3 Cir. 1993), we discussed the purpose of the Guidelines generally and the procedural requirements in La.R.S. 9:315.1(B)(1):

> [W]e do not hold that a trial court has no discretion in setting child support awards. The act provides for guidelines, and not rigid adherence. The trial court's judicial discretion should be protected in order to prevent inequities. The intended purpose of the guidelines is to provide consistency and certainty in child support awards. In order to serve that purpose, an evidentiary basis for deviation must be properly presented and, if accepted by the trial court, the reasons for deviation must be clearly stated.

Furthermore, in *Hildebrand v. Hildebrand*, 626 So.2d 578 (La.App. 3 Cir. 1993), we held that a trial court's failure to comply with La.R.S. 9:315.1 by using the Guidelines and giving reasons for deviating therefrom invalidates the corresponding judgment that deviates from the Guidelines. Without an accurate calculation of the amount provided for by the Guidelines and the trial court's reasons for deviating from this amount, appellate courts cannot adequately evaluate the trial court's judgment. These procedural requirements not only demand that the trial court give the Guidelines proper consideration, but they also provide appellate courts with a mechanism to preclude substantive review of support cases in matters like this where the trial court has failed to apply the Guidelines or fully evaluate the necessary factors before choosing to deviate from the Guidelines.

In this case, the trial court did not meet either of the procedural requirements established in La.R.S. 9:315.1(B)(1). It failed to derive an amount of support through application of the Guidelines, and it did not give any specific reason why deviation from the Guidelines was justified. Accordingly, because we find the trial court's failure to comply with La.R.S. 9:315.1(B)(1) rendered the child support award

4

invalid, we do not reach the issue of whether the deviation is warranted under the substantive standards.

In response to this appeal, the State does not contest Kevin's assignment of error. Rather, it suggests that this court should either apply the Guidelines and award an amount thereunder or affirm because the amount of the support award was less than that provided for under the Guidelines and, therefore, constitutes harmless error. Without considering the merits of either argument, we find, as elaborated upon below, that a remand is necessary because there is not sufficient evidence in the record to calculate an amount of support under the Guidelines. *See Hildebrand*, 626 So.2d 578.

No evidence was introduced to establish the monthly cost of Karmen's private school tuition after May 2010. While the parties testified that Karmen may attend one of two available private schools, no testimony or other evidence established which of these schools she would be attending or what the tuition would be. Because the trial court had previously found that private school education was an extraordinary expense to be included in the calculation of support under the Guidelines and neither party contested this issue at trial, calculations under the Guidelines in this case must include the child's tuition, if any.

The evidence regarding tuition for Karmen's former school also does not suffice. The record clearly shows that Karmen would not continue attending that school after the 2009-2010 school year, and there is no evidence to suggest that further payments on this tuition would be owed when any modified child support obligation would take effect. The 2009-2010 registration contract submitted into evidence establishes twelve monthly payments due from July 2009 to May 2010, and Heather testified that the final payment was still due when the hearing on this motion

5

occurred on May 14, 2010. However, the trial court's judgment does not apply retroactively, so Kevin's child support obligation for May 2010, which corresponds to the final tuition installment, would not be affected. Thus, the cost of private school education to be included in the Guidelines calculation should be the monthly cost of tuition at whichever school Karmen will be attending when the support obligation would take effect.

Additionally, although the record establishes that Karmen will require child care, the evidence is insufficient to determine the average monthly cost of this care. Heather testified only that she was planning to hire a babysitter at the rate of $100.00 per week for summer break and the school holidays for Easter, Christmas, Thanksgiving, and Spring Break. However, there is no testimony or other evidence stating how many total weeks these holidays comprise. The attorney for the State argued to the trial court that Heather would need child care for a total of eighteen weeks, but such argument by a party does not constitute testimony regarding the facts of a case. *Maurice v. Prudential Ins. Co.*, 02-993 (La.App. 4 Cir. 10/23/02), 831 So.2d 381; *Attardo v. Salvador*, 96-1170 (La.App. 4 Cir. 2/5/97), 688 So.2d 1296, *writ denied*, 97-584 (La. 4/18/97), 692 So.2d 453 (holding that counsel's arguments and allegations, no matter how artfully made, are not evidence); *see also Boquet ex rel. Billiot v. SWDI, LLC*, 07-738 (La.App. 1 Cir. 6/6/08), 992 So.2d 1059, *writ denied*, 08-2086 (La. 9/4/09), 17 So.3d 958; *Breitenbach v. Stroud*, 06-918 (La.App. 1 Cir. 2/9/07), 959 So.2d 926. While the State is a party to these proceedings, the attorney representing the State did not give the oath or affirmation required of witnesses by La.Code Evid. art. 603 and cannot otherwise be considered a witness.

On remand, La.R.S. 9:315.1 requires the trial court to calculate the amount of support provided for by the Guidelines before considering whether to deviate from those Guidelines. To do this, it must first receive evidence regarding both the average monthly tuition for the school that Karmen will be attending when its modified support award will take effect and the average amount of time per month that Karmen will require child care before it can accurately calculate the amount of support provided for by the Guidelines. If the court still believes that deviation is warranted in this case, it must give specific reasons which include particularized facts and circumstances that make application of the Guidelines not in the best interest of the child or inequitable to the parties.

**DECREE**

We reverse the judgment of the trial court and remand with instructions to comply with the procedural requirements of La.R.S. 9:315.1(B)(1).

**REVERSED AND REMANDED**.