NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1236

BLAIRE BRIDGES

VERSUS

RICHARD BRIDGES

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 244,416
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

AFFIRMED.

Field Vernon Gremillion, III
Assistant District Attorney, Ninth Judicial District Court
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR PLAINTIFF/APPELLEE:
    Blaire Bridges

**Richard Bridges**
**In Proper Person**
**8891 Sugarland Dr., Apt. 7101**
**Shreveport, LA 71115**
**(318) 465-1426**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Richard Bridges**

**EZELL, Judge.**

Richard Bridges appeals the decision of the trial court making Blaire Bridges the primary custodian of their child, Logan. Mrs. Bridges answers the appeal, challenging a deviation from the Louisiana Child Support Guidelines and the visitation schedule. For the following reasons, we affirm the decision of the trial court.

On April 18, 2012, Mrs. Bridges left her matrimonial domicile in Greenwood, Louisiana, with her child. She went to her childhood home in Woodworth, Louisiana and filed for divorce the same day. Mr. Bridges challenged the relocation, but the trial court and this court, on writs, agreed that the Louisiana relocation statutes, La.R.S. 9:355.1, *et seq.*, were not at issue since the move was less than 150 miles. After a hearing on custody issues, the trial court awarded the parties joint custody, with Mrs. Bridges named as domiciliary parent. Visitation was given to Mr. Bridges on the first, second, and fourth weekends of each month. Child support was noted to be $646.29 under the Louisiana Child Support Guidelines, but reduced to $450.00 in light of the extensive travel Mr. Bridges would face in order to see his son. From this decision, Mr. Bridges appeals, and Mrs. Bridges answers that appeal.

*Mr. Bridges' Assignments of Error*

Mr. Bridges asserts two assignments of error on appeal. He claims that the trial court erred in failing to properly interpret La.Civ.Code art. 216, and that the trial court's analysis under La.Civ.Code art. 134 is not supported by the record.

Mr. Bridges first claims that the trial court erred in not correctly interpreting La.Civ.Code art. 216, which reads: "A child remains under the authority of his father and mother until his majority or emancipation. In case of difference

between the parents, the authority of the father prevails." Mr. Bridges argues that because he did not approve of Mrs. Bridges' move out of the family home, he, alone is entitled to decide where his child would reside. This reading is absurd in light of La.Civ.Code art. 131, which states, "In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child." In this case, Mrs. Bridges moved and filed for divorce on the exact same day. This is a divorce case, and La.Civ.Code art. 131 is clearly controlling. Mr. Bridges cites no jurisprudential support for his reading of La.Civ.Code art. 216, and we can find none. This assignment of error is utterly devoid of merit.

Next, Mr. Bridges claims that the trial court's determination of Logan's best interest was an abuse of discretion unsupported by the record. We disagree.

This court has stated the standard of review for an appellate court in child custody matters: "The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion." *Hawthorne v. Hawthorne,* 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied* 96-1650 (La.10/25/96), 681 So.2d 365. In a custody proceeding, the trial court's focus is the best interest of the child. La.Civ.Code art. 131; *Evans v. Lungrin,* 97-541, 97-577 (La. 2/6/98), 708 So.2d 731. Louisiana Civil Code Article 134 lists a number of factors to consider in making the best interest determination. These factors are merely suggested, and the trial court is free to use other factors to make its determination. *Aucoin v. Aucoin,* 02-756 (La.App. 3 Cir. 12/30/02), 834 So.2d 1245. However, the trial court should consider the totality of the facts and

circumstances in its analysis of the best interest of the child. *Arrington v. Campbell*, 04-1649 (La. App. 3 Cir. 3/9/05), 898 So. 2d 611. As provided in Article 134, the factors considered include:

> (1) The love, affection, and other emotional ties between each party and the child.

> (2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

> (3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

> (4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

> (5) The permanence, as a family unit, of the existing or proposed custodial home or homes.

> (6) The moral fitness of each party, insofar as it affects the welfare of the child.

> (7) The mental and physical health of each party.

> (8) The home, school, and community history of the child.

> (9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

> (10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.

> (11) The distance between the respective residences of the parties.

> (12) The responsibility for the care and rearing of the child previously exercised by each party.

La.Civ.Code art. 134; *Thibodeaux v. O'Quain,* 09-1266 (La. App. 3 Cir. 3/24/10), 33 So.3d 1008.

The trial court addressed each of the twelve enumerated factors point by point. The majority of the factors were either irrelevant or favored neither parent

in the trial court's eyes. However, the trial court did find that, although Mr. Bridges was "extremely active" in caring for Logan, Mrs. Bridges was the child's primary caregiver. The trial court also found that the strong support group Mrs. Bridges had in her extended family would benefit Logan. Furthermore, even as the trial court noted the fresh, raw, emotion and disputed nature of the altercation, it could not ignore the fact that Mr. Bridges had been involved in a physical dispute with Mrs. Bridges' family in the presence of Logan, which was seen as a detriment to the child. Overall, the trial court stated that this was "a very difficult decision", and it is clear that it is one that was made after careful consideration. Given the great weight we must place on the trial court's determination, we can find no clear abuse of the trial court's discretion in the record before us.

*Mrs. Bridges' Assignments of Error*

Mrs. Bridges answers this appeal, asserting two assignments of error. She claims that the trial court erred in reducing the monthly child support award by roughly $200.00 to offset travel expenses incurred by Mr. Bridges, and that the trial court erred in awarding Mr. Bridges the first, second, and fourth weekends of the month visitation. For the following reasons, we disagree.

Mrs. Bridges first claims that the trial court erred in reducing the child support award from the amount established by the Louisiana Child Support Guidelines.

> The Louisiana Child Support Guidelines set forth the method for implementation of the parental obligation to pay child support. La. R.S. 9:315, et seq. The guidelines are to be used in any proceeding to establish or modify child support. La. R.S. 9:315.1(A). There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is the proper amount of child support. La. R.S. 9:315.1(A). However, the trial court may deviate from the guidelines if it finds that application of the guidelines would not be in the child's best interest or would be inequitable to the parties. La. R.S.

4

9:315.1(B). This statute mandates that the trial court give specific oral or written reasons for a deviation and include specific findings as to the amount of support that would have been required under a mechanical application of the guidelines and as to the particular facts and circumstances that warranted the deviation. *Id.* This information is required to be made part of the record of the proceedings. *Id.*

Deviations from the guidelines shall not be disturbed absent a finding of manifest error. La. R.S. 9:315.17. However, the record must include oral or written reasons that support the deviation and that are based on the record. *Aydelott v. Aydelott,* 42,161 (La.App. 2 Cir. 5/9/07), 957 So.2d 350.

*State, Dep't of Soc. Servs. ex rel. D.P. v. Pineyro*, 08-1213, pp.4-5 (La. App. 5 Cir. 4/7/09), 13 So.3d 193, 195.

The procedural requirements for deviating from the Guidelines are twofold. First, the trial court must use the Guidelines to calculate an amount of support and include a finding regarding that amount in the record. Second, the trial court must give written or oral reasons that describe with particularity the facts and circumstances of the case which make awarding the amount generated by the Guidelines either contrary to the child's best interest or inequitable to the parties.

*State v. Willis*, 2010-865 (La. App. 3 Cir. 12/8/10), 53 So. 3d 586, 589.

While we note that the trial court did not provide extensive reasons for deviating from the guidelines, it did use them to establish a baseline award of $646.29, and it stated its reasoning for the reduction to $450.00 in its oral reasons. It is clear from the record that Mrs. Bridges moved Logan over 140 miles from the family home and that Mr. Bridges would incur travel expenses, especially in light of the visitation schedule set forth by the trial court. After reviewing the record, we cannot find manifest error in the deviation in light of the amount of travel forced upon Mr. Bridges by Mrs. Bridges' moving Logan over 140 miles away from him. This assignment of error is without merit.

Mrs. Bridges next claims that the trial court erred in awarding Mr. Bridges the first, second, and fourth weekends of every month visitation, seeking instead an

5

alternating weekend arrangement. As discussed above, the trial court fully and carefully examined the situation before it and decided that liberal visitation for Mr. Bridges, with as close to equal time as possible, was in Logan's best interest. Nothing in the record before us establishes that the current arrangement, which gives Mrs. Bridges roughly eighteen days to Mr. Bridges' twelve per month, is an abuse of the trial court's discretion. This assignment of error is also devoid of merit.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are to be split by the parties.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.